**SHARM INC., d/b/a Bingo Gardens, Appellant,**

v.

**Santos MARTINEZ, Appellee.**

**No. 13–93–388–CV.**

Court of Appeals of Texas, Corpus Christi.

Oct. 7, 1993.

Robert L. Guerra, John R. Griffith, Thornton, Summers, Biechlin & Dunham, McAllen, Portia J. Bott, Michelle E. Robberson, Cooper & Huddleston, Dallas, Reynaldo Ortiz,

Ortiz, Garcia, Gonzalez & Enriquez, McAllen, for appellant.

Catherine W. Smith, Law Offices of Ramon Garcia, P.C., Ramon Garcia, Edinburg, Eloy Sepulveda, Weslaco, Craig S. Smith, Smith & Edwards, Corpus Christi, for appellee.

## *OPINION*

PER CURIAM.

Sharm Inc., d/b/a Bingo Gardens, has filed in this Court its Appellant's Response to Notice to Show Cause Why Appeal Should not be Dismissed for Want of Jurisdiction, Motion to Strike Trial Court's August 30, 1993 "Findings," Motion to Deem Judgment Date, Objections and Request for Oral Argument. In short, the present motion concerns our jurisdiction over an appeal which is dependant upon a finding by the trial court that the appellant did not receive timely notice of a default judgment rendered against it. We grant the motion and retain jurisdiction over the present appeal.

Santos Martinez sued Sharm for premises liability in connection with Martinez's slip and fall on Sharm's business premises. When Sharm failed to timely answer, a hearing was held on damages and a final corrected default judgment was entered on February 8, 1993, for some $2.7 million against Sharm. On April 15, 1993, Sharm first filed an answer and a sworn Motion to Set Aside Default Judgment and for New Trial, claiming among other things that it did not receive actual notice of the entry of the default judgment until April 6, 1993, and thereby invoking the extensions of time provided by Texas Rule of Civil Procedure 306a and Texas Rule of Appellate Procedure 5(b). In connection with its motion, Sharm submitted the affidavits of its president and the claims representative for its insurer, to the effect that Sharm had not received actual notice of the default judgment before April 6th. In addition, the docket sheet does not contain the required entry by the clerk showing that written notice of the default judgment was mailed to Sharm. Tex.R.Civ.P. 239a.

The trial court heard Sharm's motion on June 14, 1993, at which Sharm's assertions regarding notice remained uncontroverted. However, the trial court took the matter under advisement at that time and made neither a ruling on the motion nor a written finding on the date of notice of judgment. Without further order of the trial court, Sharm's motion was overruled by operation of law on June 21, 1993. Tex.R.Civ.P. 329b(c). At a subsequent hearing on July 15, 1993, pursuant to Sharm's Motion to Enter Order, the trial court specifically refused to make a finding of the date on which Sharm received actual notice, as required by Tex. R.Civ.P. 306 and Tex.R.App.P. 5.

Nevertheless, based on the April 6th date of notice and the provisions of the rules with regard to late notice, Sharm had attempted to perfect appeal by timely filing its cost bond on July 2, 1993. When Sharm initially attempted to file the transcript from the case in this Court, we noted the absence of the required finding and, upon motion by Sharm, abated the appeal on August 10, 1993, and ordered the trial court to make the appropriate finding concerning the date of actual notice of the judgment. The trial court then proceeded to make an initial finding signed on August 25, 1993, that Sharm received actual notice on April 6, 1993. However, the trial court subsequently on August 30, 1993, purported to withdraw its August 25th finding and substitute findings that Sharm failed to prove that it did not have timely notice of the default judgment. Accordingly we notified Sharm of our intention to dismiss the appeal based on the latter findings. In response, Sharm has now moved this Court to strike the August 30th findings and deem the date of actual notice as April 6th.

Tex.R.Civ.P. 306a(4) & (5) and Tex. R.App.P. 5(b)(4) & (5) both establish generally the same standards and procedure for extending the appellate timetables upon receiving late notification of the signing of the judgment. Subsection 4 of both rules provides that lack of notice or knowledge within twenty days of the signing of the judgment will toll the running of the appellate timetable until the date of actual notice or knowledge. Subsection 5 then places the burden on the would-be appellant to prove in the trial court, on sworn motion and notice, the

date on which he received actual notice or knowledge of the judgment. Tex.R.App.P. 5(b)(5) further requires the trial court to make a finding of that date.

In addition, this Court has the ability to review the sufficiency of the evidence to support the trial court's findings concerning the date a party received actual notice of a judgment. *Hot Shot Messenger Service, Inc. v. State*, 798 S.W.2d 413 (Tex.App.—Austin 1990, writ denied); *see also Jefferson v. American Express Travel Related Services Co.*, 838 S.W.2d 335 (Tex.App.—Houston [1st Dist.] 1992, no writ); *Corro v. Southwestern Bell Media, Inc.*, 784 S.W.2d 471 (Tex.App.—Corpus Christi 1989, no writ); *Western Imports Motors, Inc. v. Mechinus*, 739 S.W.2d 125 (Tex.App.—San Antonio 1987, no writ).

In the present case, it was undisputed that Sharm did not receive notice of the default judgment until April 6th, and thus that the appellate timetables should be extended according to the rules regarding late notice of the judgment. Accordingly, we hold that the trial court abused its discretion in finding that Sharm failed to prove that it did not have timely notice of the default judgment, and we grant Sharm's motion to deem the date of actual notice as April 6th. We thus retain jurisdiction over the present appeal by Sharm.