**LABRADOR OIL COMPANY, Mark C. McKinley and Mike Kerr, Appellants,**

v.

**NORTON DRILLING COMPANY, Appellee.**

No. 07–99–0246–CV.

Court of Appeals of Texas, Amarillo.

Dec. 9, 1999.

Splawn & Simpson, John Simpson, Lubbock, for appellant.

Fouts, Fouts & Joplin, Aubrey J. Fouts, James E. Joplin, Lubbock, for appellee.

Before: BOYD, C.J., and QUINN and REAVIS, JJ.

BOYD, Chief Justice.

In this proceeding, appellants Mark McKinley and Mike Kerr challenge an order of the trial court denying their motion to sever appellee Norton Drilling Company's claims against them individually, from the claims appellee asserts against Labrador Oil Company (Labrador). In presenting their challenge, appellants present one issue in which they contend there is no basis in law or in the record to allow or permit a joinder of the claims against them with those against Labrador. We dismiss this appeal.

Norton Drilling presents a two-fold response to appellants' issue. They first contend we lack jurisdiction because this is an interlocutory appeal and the statute (Texas Civil Practice and Remedies Code § 15.003)[1] upon which appellants rely in presenting the appeal is not applicable. Secondly, according to Norton Drilling, appellants have waived any issue of defect of parties by filing an answer to Norton Drilling's petition seeking declaratory relief without specifically excepting to any defect in parties by a verified pleading which, it contends, is required under Texas Rule of Civil Procedure 93(4).

In order to properly address the questions before us, it is necessary to recount the somewhat complicated procedural history of this proceeding. Norton Drilling brought suit on a drilling contract claim against Labrador in a Lubbock County District Court, and recovered judgment in its favor in January 1998. That case was appealed to this court,[2] and no supersedeas bond was filed by Labrador.

On November 4, 1998, under the same cause number as the case on appeal, and while the case was on appeal, Norton Drilling filed an instrument denominated as "Petition for Declaratory Judgment in Aid of Enforcement of Judgment" which not only included Labrador but added appellants as party defendants. In its petition, inter alia, Norton Drilling alleged that Labrador was a shell corporation, without financial resources, which had been used by appellants to defraud it. Because of that fraud, Norton Drilling sought a declaratory judgment that Labrador was the alter ego of appellants and, because of that, they should be held individually liable for the payment of the Labrador judgment. In response to the action seeking declaratory judgment, appellants filed a motion to transfer venue to Dallas County. Subject to that motion to transfer venue, appel-

lants filed an answer in which they again alleged improper venue, that the Lubbock County District Court had no jurisdiction, that the petition failed to state a cause of action, and they generally denied all of Norton Drilling's allegations.

The trial court set a hearing on January 29, 1999, to discuss the issues which had been presented in the declaratory judgment pleadings and the motion to transfer venue. After the hearing, on March 2, 1999, Norton Drilling filed a motion seeking a severance of the declaratory action from the underlying suit. On March 24, 1999, the trial court entered an order severing the declaratory action portion from the remainder of the cause and overruled appellants' motion to transfer venue. It is that order that gives rise to this appeal.

■ The first question we must decide is whether Norton Drilling is correct in its contention that we lack jurisdiction to consider this interlocutory appeal. The parties agree that if we have jurisdiction to consider the appeal, it must be by virtue of section 15.003. In claiming this court has jurisdiction, appellants argue that section 15.003(c) "clearly provides that a party, not necessarily a plaintiff or defendant, may perfect an appeal under this section. Had the legislature intended for this appeal to be restricted in any way it would have used the words 'plaintiff' or 'defendant.'" Norton Drilling responds that the section must be read as a whole, and when this is done, it is clear the legislature only intended the section apply to situations in which there are multiple plaintiffs, not defendants, involved. It reasons that section 15.005, by definition, applies to instances in which there are multiple defendants. That section reads as follows:

§ 15.005. Multiple Defendants

---

1. Future references to Code sections and subsections are to those portions of the Texas Civil Practice and Remedies Code (Vernon Supp.2000) unless otherwise specifically indicated.

2. That case was affirmed by this court. See Labrador Oil Co. v. Norton Drilling Co., 1 S.W.3d 795 (1999).

In a suit in which the plaintiff has established proper venue against a defendant, the court also has venue of all the defendants in all claims or actions arising out of the same transaction, occurrence, or series of transactions or occurrences.

Tex.Civ.Prac. & Rem.Code Ann. § 15.005 (Vernon Supp.2000). Section 15.005 does not contain any provision permitting interlocutory appeals from trial court decisions involving multiple defendants in these instances.

▮▮▮ Thus, in order to determine if we have jurisdiction to consider this appeal, we must determine if appellants' construction of the statute is correct. For that, we must keep in mind that the goal of statutory construction is to give effect to the intent of the legislature. *Harris County District Attorney's Office v. J.T.S.*, 807 S.W.2d 572, 574 (Tex.1991). If language in a statute is unambiguous, the appellate court must seek the intent of the legislature as found in the plain and common language of the words and terms used. *Monsanto Co. v. Cornerstones Municipal Utility District,* 865 S.W.2d 937, 939 (Tex. 1993) (quoting *Moreno v. Sterling Drug, Inc.,* 787 S.W.2d 348, 352 (Tex.1990)). In applying the plain and common meaning of the language in a statute, courts may not by implication enlarge the meaning of any word in the statute beyond its ordinary meaning. The reason for this rule is that such implications are inappropriate when legislative intent may be gathered from a reasonable interpretation of the statute as it is written. *Monsanto,* 865 S.W.2d at 939; *Commonwealth of Massachusetts v. United North & South Development Co.,* 140 Tex. 417, 168 S.W.2d 226, 229 (1942).

Section 15.003 is entitled "Multiple Plaintiffs and Intervening Plaintiffs." The first sentence of subsection (a) of the statute reads "[i]n a suit where more than one plaintiff is joined each plaintiff must, independently of any other plaintiff, establish proper venue." The remainder of that subsection provides that "[a]ny person who

is unable to establish proper venue may not join or maintain venue for the suit *as a plaintiff*" unless the person can meet certain other prerequisites not material here (emphasis added). Subsection (b) provides that a person "may not intervene or join in a pending suit *as a plaintiff* unless the person, independently of any other *plaintiff*" establishes or satisfies certain other prerequisites (emphasis added). In material part, subsection (c) then reads:

> [a]ny *person* seeking intervention or joinder, who is unable to independently establish proper venue, or a *party* opposing intervention or joinder of such a person may contest the decision of the trial court allowing or denying intervention or joinder by taking an interlocutory appeal to the court of appeals district in which the trial court is located under the procedures established for interlocutory appeals. The appeal must be perfected not later than the 20th day after the date the trial court signs the order denying or allowing the intervention or joinder (emphasis added)....

In arguing we have jurisdiction to consider this appeal, appellants argue that section 15.003 contains three separate and distinct paragraphs each of which is free-standing. As discussed above, they then posit that subsection (c) clearly provides that a party, not necessarily a plaintiff or defendant may perfect an appeal under this section, and the legislature would have used the terms "plaintiff" or "defendant," and not party, if that was what they intended.

▮▮▮ We disagree with appellants' premise and agree with Norton Drilling that section 15.003 must be viewed as a whole. When viewed in that way, it is apparent that it does not consist of three separate and distinct paragraphs. Rather, the whole section deals with situations in which there are multiple plaintiffs. Indeed, the intent of the legislature is made evident, beginning with the title of the section. Subsection (c) is related to the

remainder of section 15.003 and only permits an interlocutory appeal from decisions of the trial court with regard to whether or not additional plaintiffs correctly belong in a lawsuit. Thus, it is only in such instances that the statute permits a defendant an interlocutory appeal. Had the legislature intended to give defendants, such as appellants, the right to an interlocutory appeal from· an attempt to include them, it could have manifested that item in language ·as clear as it used in heading and writing the statute in its present form. The intent of the legislature in enacting section 15.003 was to restrict the joinder of multiple plaintiffs, particularly in tort cases, in order to prevent forum shopping by multiple plaintiffs and it was in pursuance of that objective that the statute was promulgated. *See Bristol–Myers Squibb Co. v. Goldston,* 957 S.W.2d 671, 673 (Tex.App.—Fort Worth 1997, writ denied). *See also Surgitek, Bristol–Myers Corp. [Squibb Co.] v. Abel,* 42 Sup.Ct.J. 993, 997 S.W.2d 598 (1999).

Accordingly, appellants' attempt to pursue an interlocutory appeal of the trial court's decision overruling their motion is ineffectual because,. at this time, we lack jurisdiction to· consider it. That holding obviates the necessity to· discuss any remaining issues. Accordingly, this appeal must be, and is, hereby dismissed.