**John M. O'QUINN, John M. O'Quinn, P.C. d/b/a O'Quinn & Laminack, John M. O'Quinn and Associates, L.L.P., and John M. O'Quinn Law Firm, P.L.L.C., Appellants,**

v.

**Benjamin HALL, Appellee.**

**In re John M. O'Quinn, John M. O'Quinn, P.C. d/b/a O'Quinn & Laminack, John M. O'Quinn and Associates, L.L.P., and John M. O'Quinn Law Firm, P.L.L.C., Relators.**

**No. 13–02–021–CV, 13–02–172–CV.**

Court of Appeals of Texas, Corpus Christi.

May 17, 2002.

See also, 77 S.W.3d 452.

442

Bruce E. Ramage, Dale Jefferson, Levon G. Hovnatanian, Martin, Disiere, Jefferson & Wisdom, Houston, Fernando G. Mancias, Gilberto Hinojosa, J.A. Magallanes, Magallanes, Hinojosa, Mancias, Brownsville, Francisco J. Enriquez, Enriquez & Cantu, McAllen, for Appellant/Relators.

Audrey Mullert Vicknair, Roberta J. Hegland, Bracewell & Patterson, L.L.P., Corpus Christi, Bradley J. Benoit, Ileana Blanco, Bracewell & Patterson, Dahr Jamail, Frank M. Staggs, Jr., Jamail & Kolius, Jennifer Rustay, Sylvette C. Bobb, William Fred Hagans, Hagans, Bobb & Burdine, Houston, Juan R. Molina, Law Office of Juan R. Molina, Weslaco, Ron Wilson Ronald D. Krist, Attorneys At Law, Houston, for Appellee/Real Party In Interest.

Before: Chief Justice VALDEZ and Justices HINOJOSA and RODRIGUEZ.

**OPINION**

RODRIGUEZ, J.

■ This is an accelerated, interlocutory appeal under section 15.003(c) of the Texas Civil Practice and Remedies Code. TEX.CIV.PRAC. & REM.CODE ANN. § 15.003(c) (Vernon Supp.2002).[1] Appellants, John M. O'Quinn & Associates, L.L.P., John M. O'Quinn, P.C. d/b/a/ O'Quinn & Laminack, John M. O'Quinn, and John M. O'Quinn Law Firm, P.L.L.C., (O'Quinn), appeal

from the trial court's order denying O'Quinn's motion to transfer venue, and concluding joinder of appellee, Benjamin Hall, III, in the Hidalgo County lawsuit is proper. *Id.* § 15.003(a). We reverse and remand to the trial court for proceedings consistent with this opinion.

**I. Facts**

The City of Mercedes, on behalf of itself and all other similarly situated cities (the City), filed an original petition seeking to recover damages from certain utility and energy companies for their unauthorized use of public land and rights of way.[2] John M. O'Quinn & Associates, L.L.P. (formerly John M. O'Quinn, P.C.), filed a petition in intervention seeking to enforce the City's power of attorney and a contingent fee contract the City had allegedly entered into with John M. O'Quinn, P.C., in the event of future recovery from the utility and energy companies. O'Quinn did not name Hall as a party to its intervention action or assert claims against Hall.

Hall filed an intervention against John M. O'Quinn & Associates, L.L.P. (O'Quinn & Associates), seeking a division of the same contingent fee contract. He also filed a cross-claim against all O'Quinn parties asserting claims that arose from the terms of his employment with one or more of the O'Quinn parties.[3] By his cross-

1. Section 15.003 provides that the court of appeals shall "render its decision not later than the 120th day after the date the appeal is perfected by the complaining party." TEX.CIV. PRAC. & REM.CODE ANN. § 15.003(c) (Vernon Supp.2002). O'Quinn perfected its appeal on January 7, 2002. The 120th day following such action was May 7, 2002. However, even were we to determine this interlocutory appeal was overruled by operation of law on May 7th, we retain plenary jurisdiction for sixty days after judgment. *See* TEX.R.APP.P.

19.1(a). This opinion has been issued within that time period.

2. We note the City's lawsuit has been severed from the intervention and joinder proceedings and abated pending final resolution of the disputes between the Hall and O'Quinn parties.

3. Hall's employment with O'Quinn occurred over a period of approximately five to six years and involved more than one hundred different clients, in addition to other lawsuits

action against O'Quinn, Hall asked for an accounting, and sought damages for breach of contract; *quantum meruit* and unjust enrichment; fraud, fraudulent inducement and accounting fraud; and conversion. Hall also filed a plea in abatement in Hidalgo County asking the court to enjoin a proceeding against Hall and an additional party in Brazoria County, filed by some, but not all, of the O'Quinn parties.

O'Quinn & Associates answered Hall's claims, subject to its motion to transfer venue that specifically denied Hall's venue allegations. The remaining O'Quinn parties answered and incorporated, adopted, and joined in the transfer motion and all related briefing. In its motion to transfer venue, O'Quinn asserted venue was mandatory in Brazoria County pursuant to section 15.012 of the Texas Civil Practice and Remedies Code because Hall sought to enjoin further proceedings in that county. TEX.CIV.PRAC. & REM.CODE ANN. § 15.012 (Vernon 1986). O'Quinn also asserted Hall (1) could not establish venue of his claims in Hidalgo County, independently of other plaintiffs, and (2) had failed to sustain his burden to establish the joinder elements as set out in section 15.003. *See id.* §§ 15.002 & 15.003(a). O'Quinn moved to strike Hall's claims and to transfer Hall's causes of action to Brazoria County.

On October 12, 2001, the trial court denied O'Quinn's motion to transfer venue in

its entirety, including its request to strike Hall's claims, and concluded venue of Hall's cross-claim against O'Quinn was proper in Hidalgo County. O'Quinn seeks relief from that order.[4]

## II. Jurisdiction

### A. Hall's Motion to Dismiss

■ Hall has filed a motion to dismiss this appeal for want of subject matter jurisdiction. *See* TEX.R.APP.P. 42.3(a). He contends this Court lacks jurisdiction to consider O'Quinn's appeal from the trial court's October 12, 2001, order because the ruling is only a determination of venue, and no interlocutory appeal can be had from a venue order. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 15.064(a) (Vernon 1986) (no interlocutory appeal shall lie from trial court's general venue determination). However, section 15.003(c) expressly authorizes an interlocutory appeal to contest a trial court's intervention or joinder decision, when the party seeking such joinder is unable to independently establish proper venue. *Id.* § 15.003(c). Furthermore, "[w]hen the trial court's order necessarily determines an intervention or joinder issue under section 15.003(a), section 15.003(c) plainly allows for either party to contest that decision by taking an interlocutory appeal." *Am. Home Prods. Corp. v. Clark*, 38 S.W.3d 92, 96 (Tex.2000) ("Sec-

and legal matters for which Hall alleges he received no financial compensation from O'Quinn. Except for one case being litigated in Hidalgo County, Hall provides this Court with no information regarding the other clients, lawsuits, and legal matters about which he complains. O'Quinn, however, asserts that specific issues related to the terms of Hall's employment with the O'Quinn parties occurred in Harris County and that other events occurred in Brazoria County.

4. O'Quinn's intervention and joinder issues from the October 12, 2001, order are the bases of this interlocutory appeal. *See* TEX. CIV.PRAC. & REM.CODE ANN. § 15.003(c) (Vernon Supp 2002). O'Quinn has also filed a petition for writ of mandamus in this Court in *In re: John M. O'Quinn, John M. O'Quinn, P.C. d/b/a O'Quinn & Laminack, John M. O'Quinn & Associates, L.L.P., and John M. O'Quinn Law Firm, P.L.L.C.*, cause number 13–02–109–CV, raising venue issues related to the October 12 order. The venue issues are addressed in that original proceeding.

tion 15.003 is not a venue statute; it is a joinder statute").

By its motion, O'Quinn requested relief under section 15.003. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 15.003(a). O'Quinn asserted Hall could not, independently, establish proper venue pursuant to the general venue statute, section 15.002. *See id.* §§ 15.002, 15.003(a). O'Quinn further contended Hall failed to sustain his burden of establishing the four joinder factors required by section 15.003(a) for one who could not establish venue independently of other plaintiffs. *See id.* § 15.003(a). O'Quinn asked the trial court to strike Hall's claims on that basis.

The October 12 order not only denied O'Quinn's motion to transfer venue, but also, by finding venue proper, denied O'Quinn's request to strike Hall's claims. Because the trial court's order was necessarily predicated on its decision about the propriety of Hall's intervention and joinder under section 15.003(a), O'Quinn properly perfected its appeal of the intervention and joinder issues pursuant to section 15.003(c). *Am. Home Prods. Corp.*, 38 S.W.3d at 96.

■ Hall further contends, by his motion to dismiss, that O'Quinn's appeal of Hall's claim is untimely because the trial court permitted his intervention on August 21, 2001, when it signed a temporary injunction order enjoining the prosecution of O'Quinn's lawsuit in Brazoria County.[5] Our review of the record reveals Hall confined the issues in his request for injunctive relief to anti-suit injunctions and dominant jurisdiction. The court converted its prior temporary restraining order into a temporary injunction for reasons related to dominant jurisdiction. Consequently, in August 2001, no ruling was requested or made in the temporary injunction order regarding intervention issues. The time for perfecting this appeal of Hall's claim would not have run from the signing of that order on August 21, 2001.

■ Apparently relying on section 15.005, Hall also asserts that a defendant who has been joined is not permitted to take an interlocutory appeal to contest its joinder in the action. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 15.005 (Vernon Supp. 2002) (in suit where plaintiff establishes proper venue against defendant, court has venue of all defendants in claims or actions arising from same transaction, occurrence, or series of transactions or occurrences). We agree section 15.005 does not provide for interlocutory appeals by multiple defendants. *See Labrador Oil Co. v. Norton Drilling Co.*, 10 S.W.3d 717, 718 (Tex. App.—Amarillo 1999, no pet.). However, section 15.005 does not apply in this case. O'Quinn is appealing the joinder determination of Hall's claims. As set out above, an interlocutory appeal from the court's joinder ruling is permitted under section 15.003(c). *See* TEX.CIV.PRAC. & REM.CODE ANN. § 15.003(c).

Accordingly, Hall's motion to dismiss O'Quinn's interlocutory appeal for want of subject matter jurisdiction is denied.

B. **O'Quinn's Motion for this Court to Deem Date of Notice of October 12 Order**

■ On January 31, 2002, the trial court entered an order finding O'Quinn received notice or acquired actual knowledge of the court's October 12, 2001, order on the date it was signed. O'Quinn filed its notice of

---

**5.** The granting of the anti-suit injunction is the subject of a separate interlocutory appeal filed in this Court in *John M. O'Quinn, John M. O'Quinn, P.C. d/b/a O'Quinn & Laminack, John M. O'Quinn & Associates, L.L.P., and John M. O'Quinn Law Firm, P.L.L.C.,* cause number 13–01–640–CV.

appeal in this case on January 7, 2002. Based on the trial court's January 31 ruling, O'Quinn's appeal is not timely filed. *See* Tex.R.App.P. 26.1 (generally notice of appeal must be filed within thirty days after judgment signed). O'Quinn has filed a motion with this Court asking us to deem the date of notice or actual knowledge as December 19, 2001.

 We have "the ability to review the sufficiency of the evidence to support the trial court's findings concerning the date a party received actual notice of a judgment." *Sharm Inc., v. Martinez*, 885 S.W.2d 165, 167 (Tex.App.—Corpus Christi 1993, no writ) (per curiam). "A court abuses its discretion … when its ruling is based on factual assertions unsupported by the record." *In re Salgado*, 53 S.W.3d 752, 758 (Tex.App.—El Paso 2001, orig. proceeding); *In re Lavernia Nursing Facility*, 12 S.W.3d 566, 570 (Tex.App.—San Antonio 1999, orig. proceeding); *In re Kramer*, 9 S.W.3d 449, 450 (Tex.App.—San Antonio 1999, orig. proceeding); *accord Reynolds Metals Co. v. Mumphord*, 47 S.W.3d 141, 144 (Tex.App.—Corpus Christi 2001, no pet.); *Tex. Commerce Bank Nat'l Ass'n. v. Wood*, 994 S.W.2d 796, 801 (Tex.App.—Corpus Christi 1999, pet. dism'd). In *Sharm*, we concluded the trial court abused its discretion in finding Sharm failed to prove it did not have timely notice of the default judgment. *Sharm*, 885 S.W.2d at 167. We granted Sharm's motion to deem the date of actual notice

and, thus, retained jurisdiction over the appeal. *Id.* at 167.

 O'Quinn filed a motion in the trial court under Texas Rule of Civil Procedure 306a and Texas Rule of Appellate Procedure 4.2, asking the trial court to find the date of notice as December 19, 2001. *See* Tex.R.Civ.P. 306a; Tex.R.App.P. 4.2(a).[6] O'Quinn contended it did not receive notice or acquire actual knowledge of the October 12 order until December 19, 2001. O'Quinn's rule 306a motion was supported by ten affidavits from attorneys representing O'Quinn. Each affidavit set out that neither O'Quinn nor any of its counsel received notice or acquired actual knowledge of the October 12 order until December 19, 2001. These facts were undisputed in the trial court.[7]

At the hearing on O'Quinn's rule 306a motion, the trial court informed counsel that a member of his staff had given all local counsel notice of the order via telephone on October 12, and had provided local counsel with a copy of the order. No testimony or other evidence appears in the record regarding the actions of the court's staff. Based on that knowledge, the trial court explained it could not enter an order deeming the date as December 19, 2001, when it knew the order would be inaccurate; it would not enter an order that conflicted with what it judicially knew.

After the hearing, and after reviewing the motion and response, the trial court found the date on which O'Quinn or any of

---

**6.** Texas Rule Civil Procedure 306a(4) and Texas Rule of Appellate Procedure 4.2(a) exist to provide "[a]n exception to the rule that procedural timetables run from the date the judgment is signed … for a party who learns of the judgment more than twenty, but less than ninety, days after it was signed." *Grondona v. Sutton*, 991 S.W.2d 90, 91 (Tex.App.—Austin 1998, pet. denied). Rules 306a and 4.2 provide a procedure for a party to find the date of notice when such notice was received

after the time period has run for appealing a judgment.

**7.** Although Hall opposes the relief sought in the motion before this Court, he asserts he did not oppose the relief sought in O'Quinn's 306a motion when it was filed in the trial court because he had no factual basis to dispute the facts set out in the affidavits filed in support of the motion.

O'Quinn's *lead attorneys* first received notice or acquired actual knowledge of the court's October 12, 2001 order was December 19, 2001, but also found the date the parties' *local counsel* had notice or actual knowledge was on October 12, 2001, the date the order was signed.

O'Quinn asserts it conclusively established the facts regarding notice, and contends the trial court abused its discretion in finding the date of notice as October 12 because the facts upon which that determination was made were facts completely outside the record. Hall urges the trial court properly took judicial notice of the actions of the court staff.

 Matters that may be judicially noticed fall into three categories: adjudicative facts, legislative facts, and law. *Hill v. Heritage Res., Inc.*, 964 S.W.2d 89, 137 (Tex.App.—El Paso 1997, pet. denied).

> Adjudicative facts are those to which the law is applied in the process of adjudication. Thus, when a court or an agency finds facts concerning the immediate parties, including who did what, where, when, how, and with what motive or intent, the court or agency is performing an adjudicative function, and the facts are called adjudicative facts.

*Id.* The court's staff's actions arguably fall within the category of adjudicative facts. Judicial notice of adjudicative facts, however, is controlled by Texas Rule of Evidence 201. Rule 201(b) states:

> A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

TEX.R.EVID. 201(b). "[A]ssertions made by an individual, even under oath, are not the type of facts that are capable of accurate and ready determination by a source whose accuracy cannot reasonably be questioned." *Garza v. State*, 996 S.W.2d 276, 279–80 (Tex.App.—Dallas 1999, pet. ref'd). Judicial notice applies only to facts which are beyond credible dispute. *Id.* at 279. That the court's staff advised local counsel of the court's order on October 12, 2001, and provided them with a copy of the order is neither "generally known within the territorial jurisdiction of the trial court," nor "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Therefore, the trial court could not have taken judicial notice of the "information" provided by his staff regarding counsel's notice or actual knowledge of the October 12 order.

Hall also contends because the court's staff is an "agent" of the court, and thus is the court "itself," the court is not obliged to contradict itself by signing an order it knew to be in conflict with what it "judicially knew." Hall relies on *Higginbotham v. Collateral Prot., Inc.*, 859 S.W.2d 487, 490 (Tex.App.—Houston [1st Dist.] 1993, writ denied). In Higginbotham, the appellate court recognized that the court coordinator acts as an "agent for the trial court" in pursuit of judicial economy and efficiency. *Id.* However, we find no authority, and Hall provides us with none, for the proposition that a member of the court's staff is the agent of the court insofar as providing a factual basis for the court's rulings. Furthermore, to the extent Hall equates what the court "judicially knew," with "judicial notice," we have already concluded that the facts upon which the court made its determination were not facts of which the court could have taken "judicial notice."

 Moreover, the trial court's actions at the hearing on O'Quinn's rule 306a

motion give the appearance of the court becoming a witness in this matter. Texas Rule of Evidence 605 provides that a presiding judge may not testify in that trial as a witness, and that no objection need be made in order to preserve the point. Tex. R.Evid. 605. The judge may not " 'step down from the bench' and become a witness in the very same proceeding over which he is currently presiding." *Hensarling v. State*, 829 S.W.2d 168, 171 (Tex. Crim.App.1992). Rule 605 applies not only to members of the judiciary, "but also to those performing judicial functions that conflict with a witness's role." *Bradley v. State ex rel. White*, 990 S.W.2d 245, 249 (Tex.1999).

■■■■ The purpose of rule 605 is to preserve the judge's impartiality. *Id.* at 248; *Hensarling*, 829 S.W.2d at 170. "The judge is a neutral arbiter in the courtroom, and the rule seeks to preserve his posture of impartiality before the parties. . . ." *Hensarling*, 829 S.W.2d at 171. The trial court's determination of the date of notice was based on facts provided to the court by its staff, facts that the court provided at the hearing. This created the appearance of bias which rule 605 seeks to prevent.

O'Quinn presented undisputed evidence, on sworn motion and notice, that it did not receive notice of the intervention and joinder rulings until December 19, 2001. Although we appreciate the concerns of the court, the information upon which the trial court made its determination was not information that could be judicially noticed. Furthermore, the trial court could not provide that information by becoming a witness in the proceeding over which it was presiding. The appellate timetables should have been extended according to the rules regarding late notice of the judgment. Accordingly, we hold the trial court abused its discretion in finding O'Quinn failed to prove it did not have timely notice of the October 12, 2001, order. We grant O'Quinn's motion to deem the date of actual notice as December 19, 2001, and, thus, retain jurisdiction over the present appeal by O'Quinn.[8]

## III. PROPER JOINDER

### A. Standard of Review

■■■■ We review the trial court's joinder ruling *de novo*, "on an independent determination of the record and not under either an abuse of discretion or substantial evidence standard." Tex.Civ.Prac. & Rem. Code Ann. § 15.003(c)(1); *Surgitek v. Abel*, 997 S.W.2d 598, 602–03 (Tex.1999); *Blalock Prescription Ctr., Inc., v. Lopez–Guerra*, 986 S.W.2d 658, 661 (Tex.App.—Corpus Christi 1998, no pet.).

### B. Analysis

In a lawsuit where multiple plaintiffs or intervening plaintiffs are joined, each plaintiff must establish proper venue independently of any other plaintiff, or, if he cannot establish proper venue independently, he must establish the joinder elements of section 15.003(a). Tex.Civ.Prac. & Rem.Code Ann. § 15.003(a) & (b). Therefore, before the trial court reaches the joinder elements under section 15.003(a), it must first determine whether a plaintiff can independently establish proper venue. *Surgitek*, 997 S.W.2d at 602; *see* Tex.Civ.Prac. & Rem.Code Ann. § 15.003(a). "Proper venue" means the venue required by mandatory venue statues, or if none apply, then the venue pro-

---

**8.** Having granted O'Quinn's motion to deem, its petition for writ of mandamus filed in *In re: John M. O'Quinn, John M. O'Quinn, P.C. d/b/a O'Quinn & Laminack, John M. O'Quinn & Associates, L.L.P., and John M. O'Quinn Law Firm, P.L.L.C. v. Hall*, cause number 13–02–172–CV, addressing the same issues, is hereby dismissed as moot.

vided by the general venue provisions or permissive venue provisions. *See* Tex.Civ. Prac. & Rem.Code Ann. § 15.001(b) (Vernon Supp.2002).

The determination of whether a plaintiff can independently establish proper venue is made using venue proof standards. *Blalock*, 986 S.W.2d at 662. Properly pleaded venue facts are taken as true unless specifically denied, as in this case, and then *prima facie* proof of denied facts must be made. Tex.R.Civ.P. 87(3)(a); *see Blalock*, 986 S.W.2d at 662. "*Prima facie* proof consists of properly pleaded venue facts along with filed affidavits and duly proved attachments to the affidavits that fully and specifically set forth the facts supporting such pleading." *Blalock*, 986 S.W.2d at 662 (citing Tex.R.Civ.P. 87(3)(a); *see also* Tex.Civ.Prac. & Rem. Code Ann. § 15.064(a) (Vernon 1986) (venue determinations shall be made from pleadings and affidavits)).

### 1. Joinder of Claims Pursuant to Section 15.002

The general rule for establishing venue, independently, is set in section 15.002 which provides:

(a) Except as otherwise provided by this subchapter or Subchapter B [9] or C,[10] all lawsuits shall be brought:

(1) in the county in which all or a substantial part of the events or omissions giving rise to the claim occurred;

(2) in the county of defendant's residence at the time the cause of action accrued if defendant is a natural person;

(3) in the county of the defendant's principal office in this state, if the defendant is not a natural person; or

(4) if Subdivision (1), (2), or (3) do not apply, in the county in which the plaintiff resided at the time of the accrual of the cause of action.

Tex.Civ.Prac. & Rem.Code Ann. § 15.002(a).

### a. Intervention Claim

To establish a substantial part of the events giving rise to his intervention claim occurred in Hidalgo County, Hall asserted the attorney's fees for which both he and John M. O'Quinn & Associates, L.L.P., sought a division, arose out of a contract entered into, performed in, and being litigated in Hidalgo County. However, in addition to his claims for attorney's fees, Hall asked the Hidalgo County Court to enjoin a suit that had been filed against him in Brazoria County. Pursuant to mandatory venue section 15.012, actions to stay proceedings in a suit shall be brought in the county in which suit is pending. *Id.* § 15.012 (Vernon 1986).

In *In re: John M. O'Quinn, John M. O'Quinn, P.C. d/b/a O'Quinn & Laminack, John M. O'Quinn & Associates, L.L.P., and John M. O'Quinn Law Firm, P.L.L.C. v. Hall*, 77 S.W.3d 452, 457 (Corpus Christi May 17, 2002, orig. proceeding), we concluded venue was mandatory in Brazoria County on Hall's claim for injunctive relief, *see* Tex.Civ.Prac. & Rem.Code Ann. § 15.012, and because it was mandatory on the injunction claim, venue was mandatory in Brazoria County for all of his claims. *See id.* § 15.004 (Vernon Supp.2002). The same reasoning applies here. Hall cannot establish independent venue in Hidalgo County for his intervention claims for attorney's fees because a mandatory venue provision applies which requires venue in Brazoria County. *See id.* §§ 15.001(b) (general venue provision applies only if

---

**9.** Mandatory venue provisions are found in this subchapter.

**10.** Permissive venue provisions are found in this subchapter.

mandatory venue provision, *inter alia*, does not), 15.002(a) (same).

### b. Cross–Claim

■ Based on the above analysis, Hall cannot establish proper venue of his cross-claim against O'Quinn in Hidalgo County. Moreover, without applying the mandatory venue analysis, Hall has not satisfied the general venue requirements of section 15.002 to independently establish proper venue of his cross-claim which is based on his employment with one or more of the O'Quinn parties. Hall has not satisfied, by *prima facie* proof, the first element of section 15.002, that is, that all or a substantial part of the events or omissions giving rise to the claim occurred in Hidalgo County. *Id.* § 15.002(a)(1). Hall complains about other lawsuits filed in Hidalgo County. However, other than the present one, Hall does not identify what specific suits were filed in Hidalgo County. Moreover, Hall generally contends his claims involve his full and complete compensation and recovery of fees on all cases he retained, developed and advised or worked on while he was associated with the O'Quinn parties. Furthermore, under the second, third and fourth elements of section 15.002, Hall does not contend he or any of the O'Quinn parties resided in Hidalgo County or that O'Quinn had a principal place of business in Hidalgo County at the time the cause of action accrued. *See id.* § 15.002(a)(2–4).

Because Hall has not established proper venue of his claims, independently of any other plaintiff, in order to join his claims in the lawsuit in Hidalgo County, Hall must establish proper joinder under the alternative method provided in section 15.003.

### B. Alternative Method for Establishing Joinder of Claims Pursuant to Section 15.003(a)

■ If a plaintiff is unable to establish proper venue, he may not join or maintain venue for the suit as a plaintiff unless the person, independently of any other plaintiff, establishes the following joinder elements:

(1) joinder or intervention in the suit is proper under the Texas Rules of Civil Procedure;

(2) maintaining venue in the county of suit does not unfairly prejudice another party to the suit;

(3) there is an essential need to have the person's claim tried in the county in which the suit is pending; and

(4) the county in which the suit is pending is a fair and convenient venue for the person seeking to join in or maintain venue for the suit and the persons against whom the suit is brought.

*Id.* § 15.003(a)(1–4). The plaintiff has the burden of establishing proof of each joinder element. *Surgitek,* 997 S.W.2d at 602–03; *Amer. Home Prods. Corp. v. Bernal,* 5 S.W.3d 344, 346 (Tex.App.—Corpus Christi, no pet.). When venue facts are specifically denied, all four elements of section 15.003(a) must be established by *prima facie* proof. *Blalock,* 986 S.W.2d at 662. The trial court has discretion to allow a broader range of proof in making a section 15.003(a) joinder determination than it would require in a venue hearing. *Surgitek,* 997 S.W.2d at 603. Thus, to determine whether the trial court's section 15.003(a) joinder determination of Hall's claims was proper, our *de novo* review is of the entire record. *Id.* We will make that determination with no deference to the trial court's ruling. *Id.*

### 1. Essential Need Element

■ The third element of section 15.003(a) requires Hall to establish an essential need to have his claims tried in the

county in which the suit is pending. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 15.003(a)(3). Any essential need "must be tied to the specific county where the suit is filed." *Amer. Home Prods. Corp.*, 5 S.W.3d at 348. To meet this requirement, Hall has to satisfy a "very high" burden. *Surgitek*, 997 S.W.2d at 604 (recognizing language of section 15.003 makes burden of proving proper joinder "very high"). Hall must establish that it was "indispensably necessary" to try his claims in Hidalgo County. *Id.* Moreover, the mere fact that a related suit is already proceeding in that county is insufficient to establish that it is indispensably necessary for the plaintiff seeking joinder or intervention to try his claims there. *Amer. Home Prods. Corp,* 5 S.W.3d at 348 (holding need for numerous joining plaintiffs to pool resources in Cameron County lawsuit was insufficient to establish essential need).

The claims in the underlying *City of Mercedes* franchise-fee litigation are not related to Hall's claims, and, although Hall asserts in his intervention against O'Quinn that he was a party to the contingent fee contract with the City, our review of the entire record reveals otherwise. The evidence establishes the City did not enter into an agreement with Hall to represent it in its litigation. Furthermore, Hall has not asserted he could not do without trying his claims in Hidalgo County. He has not alleged in his petition in intervention and cross-claim or in his response to O'Quinn's motion to transfer venue, any essential need for trying his claims in Hidalgo County. Hall alleges, without more, that he "practices routinely in Hidalgo County." The one specific connection with Hidalgo County he alleges is his claim to a portion of any fees the City might pay to O'Quinn. This fee determination, however, has not yet been made. These assertions alone do not establish that Hall cannot do without trying his claims in Hidalgo County. *Surgitek*, 997 S.W.2d at 604.

Moreover, the evidence shows that Hall's claims related to the terms of his employment are tied to Harris County. Hall's claims against O'Quinn are for damages based on breaches of an oral employment contract Hall allegedly negotiated with John M. O'Quinn, P.C., in December 1994,[11] and on breaches of tort duties related to his employment with O'Quinn. Hall also asserts O'Quinn owes him fees from cases involving "more than one hundred different clients," covering a period of five to six years. The record reveals only one case that was filed in Hidalgo County. Hall has failed to show any essential need to join the City's litigation or to show why his needs cannot be met in a county of proper venue. *See Blalock,* 986 S.W.2d 658, 665 (Tex.App.—Corpus Christi 1998, no writ) (holding joinder was improper where plaintiff provided no evidence showing why it was essential for her to join a suit pending in Hidalgo County or why her needs could not be met in a county of proper venue). He has not established that it was "indispensably necessary" to try his claims in Hidalgo County. *Surgitek*, 997 S.W.2d at 604. Based on our review of the record and the facts of this case, Hall has not sustained his "very high" burden to establish the essential need element of section 15.003(a). *See* TEX.CIV.PRAC. & REM.CODE ANN. § 15.003(a)(3).

2. Remaining Joinder Elements

Because Hall has not made a proper showing of essential need to try his claims in Hidalgo County and because the elements of 15.003 are inclusive, we need not

---

11. The City is not a party to this contract.

address the remaining elements. *See id.* § 15.003(a).

Having failed to establish the joinder elements, independent of any other plaintiff, we hold Hall may not join the Hidalgo County suit against O'Quinn. O'Quinn's joinder issues are sustained.

### V. Conclusion

Accordingly, we reverse the order of the trial court that joinder of Hall's claims against O'Quinn is proper in Hidalgo County, and remand it back to the trial court for proceedings consistent with this opinion.

