NO. 07-06-0324-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



SEPTEMBER 6, 2006



______________________________




IN RE ERASMO GONZALES, RELATOR



_________________________________






Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

MEMORANDUM OPINION


 Relator Erasmo Gonzales, an inmate proceeding pro se and informa pauperis, seeks
a writ of mandamus to compel the Honorable Ron Enns, Judge of the 69th District Court
of Dallam County, to hold an evidentiary hearing on his motion for judicial notice. We deny
the requested relief.

 Mandamus is an extraordinary remedy available only in limited circumstances
involving manifest and urgent necessity and not for grievances that may be addressed by
other remedies. Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992). Relator must
demonstrate a clear abuse of discretion or the violation of a duty imposed by law when
there is no other adequate remedy at law. See Republican Party of Texas v. Dietz, 940
S.W.2d 86, 88 (Tex. 1997). Additionally, relator must satisfy three requirements:, to-wit:
(1) a legal duty to perform; (2) a demand for performance; and (3) a refusal to act. Stoner
v. Massey, 586 S.W.2d 843, 846 (Tex. 1979). 

 When a motion is properly pending before a trial court, the act of considering and
ruling upon it is a ministerial act. Eli Lilly and Co. v. Marshall, 829 S.W.2d 157, 158 (Tex.
1992). However the trial court has a reasonable time within which to perform that
ministerial duty. Safety-Kleen Corp. v. Garcia, 945 S.W.2d 268, 269 (Tex.App.-San
Antonio 1997, orig. proceeding). Whether a reasonable period of time has lapsed is
dependent on the circumstances of each case. Barnes v. State, 832 S.W.2d 424, 426,
(Tex.App.-Houston [1st Dist.] 1992, orig. proceeding).

 Included with relator's request for mandamus relief is a copy of a motion for judicial
notice filed May 22, 2006, by which he requests an evidentiary hearing on whether he
received ineffective assistance of counsel. Rule 201(d) of the Texas Rules of Evidence
provides that a court "shall take judicial notice if requested by a party and supplied with the
necessary information." Subparagraph (e) provides that a party is entitled to an opportunity
to be heard as to the propriety of the request. (1)

 Appellant's motion for judicial notice has been pending in the trial court for three
months. We decline to hold that period of time constitutes an unreasonable delay. 
Additionally, relator has not shown that he demanded performance nor that the trial court
refused to act. Stoner, 586 S.W.2d at 846. He has also failed to show he has no other
adequate remedy at law to present his complaint.

 Accordingly, relator's request for mandamus relief is denied.


 Don H. Reavis

 Justice

1. Matters that may be judicially noticed include adjudicative facts, legislative facts,
and law. See O'Quinn v. Hall, 77 S.W.3d 438, 447 (Tex.App.-Corpus Christi 2002, no
pet.). One method of challenging a claim of ineffective assistance of counsel is by
collateral attack. See Thompson v. State, 9 S.W.3d 808, 814 (Tex.Cr.App. 1999).