NO. 07-06-0324-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

SEPTEMBER 6, 2006

_____

IN RE ERASMO GONZALES, RELATOR

_____

Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

**MEMORANDUM OPINION**

Relator Erasmo Gonzales, an inmate proceeding pro se and informa pauperis, seeks a writ of mandamus to compel the Honorable Ron Enns, Judge of the 69th District Court of Dallam County, to hold an evidentiary hearing on his motion for judicial notice. We deny the requested relief.

Mandamus is an extraordinary remedy available only in limited circumstances involving manifest and urgent necessity and not for grievances that may be addressed by other remedies. Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992). Relator must demonstrate a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy at law. *See* Republican Party of Texas v. Dietz, 940

S.W.2d 86, 88 (Tex. 1997). Additionally, relator must satisfy three requirements:, to-wit: (1) a legal duty to perform; (2) a demand for performance; and (3) a refusal to act. Stoner v. Massey, 586 S.W.2d 843, 846 (Tex. 1979).

When a motion is properly pending before a trial court, the act of considering and ruling upon it is a ministerial act. Eli Lilly and Co. v. Marshall, 829 S.W.2d 157, 158 (Tex. 1992). However the trial court has a reasonable time within which to perform that ministerial duty. Safety-Kleen Corp. v. Garcia, 945 S.W.2d 268, 269 (Tex.App.–San Antonio 1997, orig. proceeding). Whether a reasonable period of time has lapsed is dependent on the circumstances of each case. Barnes v. State, 832 S.W.2d 424, 426, (Tex.App.–Houston [1st Dist.] 1992, orig. proceeding).

Included with relator's request for mandamus relief is a copy of a motion for judicial notice filed May 22, 2006, by which he requests an evidentiary hearing on whether he received ineffective assistance of counsel. Rule 201(d) of the Texas Rules of Evidence provides that a court "shall take judicial notice if requested by a party and supplied with the necessary information." Subparagraph (e) provides that a party is entitled to an opportunity to be heard as to the propriety of the request.[1]

---

[1]Matters that may be judicially noticed include adjudicative facts, legislative facts, and law. *See* O'Quinn v. Hall, 77 S.W.3d 438, 447 (Tex.App.–Corpus Christi 2002, no pet.). One method of challenging a claim of ineffective assistance of counsel is by collateral attack. *See* Thompson v. State, 9 S.W.3d 808, 814 (Tex.Cr.App. 1999).

2

Appellant's motion for judicial notice has been pending in the trial court for three months. We decline to hold that period of time constitutes an unreasonable delay. Additionally, relator has not shown that he demanded performance nor that the trial court refused to act. *Stoner*, 586 S.W.2d at 846. He has also failed to show he has no other adequate remedy at law to present his complaint.

Accordingly, relator's request for mandamus relief is denied.

Don H. Reavis
Justice