

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-22-00065-CR
No. 02-22-00066-CR

———————————————————

PHILLIP MATTHEW MAPLES, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 90th District Court
Young County, Texas
Trial Court Nos. 11140 and 11254

---

Before Kerr, Bassel, and Womack, JJ.
Memorandum Opinion by Justice Kerr

## MEMORANDUM OPINION

Appellant Phillip Maples appeals from two judgments adjudicating guilt and revoking his probation.[1] In a single issue, Maples asserts that the trial court violated Rule 605 of the Texas Rules of Evidence by improperly injecting its opinion of the evidence at the revocation hearing. We will affirm.

## I. Background

In July 2020, Maples pleaded guilty to the offenses of retaliation and possession of a controlled substance (methamphetamine) in an amount less than one gram. Maples was granted deferred adjudication and placed on five years' probation.[2]

In May 2021, the State filed a motion to proceed with adjudication of guilt, alleging that Maples had violated numerous terms of his probation. Maples pleaded "not true" to the violations, and the trial court conducted a hearing.

Among the probation violations the State asserted was its allegation that Maples had tested positive for both amphetamine and methamphetamine. At the revocation hearing, Maples testified that he had ingested a pre-workout supplement

---

[1]Maples was indicted for two separate offenses: retaliation and possession of a controlled substance (methamphetamine) in an amount less than one gram. The trial court established separate cause numbers for each of the two offenses: Cause No. 11254 for retaliation and Cause No. 11140 for possession of a controlled substance. Maples has filed an appeal in each case. Because he raises the same issue in each appeal, we address both appeals in this opinion.

[2]In addition, Maples was ordered to pay fines totaling approximately $1,115 and court costs totaling $800.

called "Kratom" and that he believed this had triggered a false positive for methamphetamine in one of his drug tests.

After both sides had rested and the evidentiary portion of the hearing was completed, the trial court issued an oral ruling regarding the alleged probation violations. During its ruling, the trial court addressed Maples's explanation for his positive methamphetamine test, stating, "I do not buy your story. Nothing tests positive for meth or methamphetamine in my experience, so I'm making a finding of true in that you did violate Condition Number 13."

Having found several other of the alleged probation violations true, the trial court sentenced Maples to six years' confinement on the retaliation offense and eighteen months' confinement on the possession offense.[3] This appeal followed.

## II. Discussion

On appeal, Maples raises a single issue, arguing that the trial court's comment that it did not believe Maples's testimony that his ingestion of "Kratom" had triggered a false positive drug-test result because "nothing tests positive for . . . methamphetamine" violated Rule 605 of the Texas Rules of Evidence. Maples's argument lacks merit.

Rule 605 provides that "[t]he presiding judge may not testify as a witness at . . . trial." Tex. R. Evid. 605. The purpose of Rule 605 is to preserve the judge's

---

[3]These sentences are to run concurrently. Maples was also ordered to pay fines totaling $1,500 and court costs totaling $922.

impartiality. *O'Quinn v. Hall*, 77 S.W.3d 438, 448 (Tex. App.—Corpus Christi–Edinburg 2002, no pet.). Thus, the judge may not "step down from the bench and become a witness in the very same proceeding over which he is currently presiding." *Hensarling v. State*, 829 S.W.2d 168, 170 (Tex. Crim. App. 1992).

We hold that the trial court did not violate Rule 605 because the judge did not testify as a witness at the hearing. *See Kogel v. Robertson*, No. 03-04-00246-CV, 2005 WL 3234627, at *4 (Tex. App.—Austin Dec. 2, 2005, no pet.) (mem. op.). The trial court's comment was neither testimony nor the "functional equivalent of . . . testimony." *Hammond v. State*, 799 S.W.2d 741, 746 (Tex. Crim. App. 1990) (quoting 27 Wright & Gold, Federal Practice and Procedure: Federal Rules of Evidence § 6063, p. 353 (1990)). Rather, the comment—which was made after the evidentiary portion of the hearing had concluded and both sides had rested—merely provided an explanation for the trial court's ruling. Such a description of the judge's internal thought process does not violate Rule 605. *See In re E.L.W.*, No. 11-16-00010-CV, 2017 WL 390825, at *4 (Tex. App.—Eastland Jan. 26, 2017, no pet.) (mem. op.) (holding "trial court's comments . . . did not implicate Rule 605" because they "were akin to an explanation . . . for the trial court's eventual ruling"); *State v. Stewart*, 282 S.W.3d 729, 736–37 (Tex. App.—Austin 2009, no pet.) (holding "a trial judge recalling, at a motion for new trial hearing, his own internal thought processes" did not violate Rule 605).

Moreover, even if we were to agree with Maples, reversal would not be warranted. To prevail at a revocation hearing, the State is required to prove, by an evidentiary preponderance, only one probation violation. *Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012); *Bryant v. State*, 391 S.W.3d 86, 93 (Tex. Crim. App. 2012); *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009); *Leach v. State*, 170 S.W.3d 669, 672 (Tex. App.—Fort Worth 2005, pet. ref'd). Thus, to win on appeal, an appellant must successfully challenge all grounds for revocation. *Guerrero v. State*, 554 S.W.3d 268, 274 (Tex. App.—Houston [14th Dist.] 2018, no pet.). Here, the complained-of comment concerned only one of many probation violations alleged by the State. Because the trial court found other alleged violations to be true and Maples has not challenged these findings, Maples's contention regarding Rule 605, even if correct, would not provide grounds for reversal. *See Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980) ("We need not address appellant's other contentions since one sufficient ground for revocation will support the court's order to revoke probation."); *Gobell v. State*, 528 S.W.2d 223, 224 (Tex. Crim. App. 1975) ("Since the other finding upon which probation was revoked is unchallenged, appellant's contention, even if correct, would not show an abuse of discretion.").

## III. Conclusion

Having overruled Maples's sole issue, we affirm the trial court's judgments.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  March 16, 2023