

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

---

No. 02-19-00343-CV

---

DEVON ENERGY CORPORATION; DEVON ENERGY PRODUCTION COMPANY, L.P.; AND DEVON GAS SERVICES, L.P., Appellants

V.

IONA ENERGY, L.P., Appellee

---

On Appeal from the 271st District Court
Wise County, Texas
Trial Court No. CV18-05-382

---

Before Gabriel, Womack, and Wallach, JJ.
Memorandum Opinion by Justice Gabriel

# MEMORANDUM OPINION

Appellants Devon Energy Corporation (Devon Energy); Devon Energy Production Company, L.P. (DEPCO); and Devon Gas Services, L.P. (Devon Gas) (collectively, the Devon Parties) appeal from the trial court's order denying their motion to transfer venue of appellee Iona Energy, L.P.'s claims to Tarrant County. The Devon Parties failed to establish their pleaded mandatory-venue provision applicable to major transactions. However, Iona similarly failed to prove that Wise County was a county of permissive venue. Because the Devon Parties, in turn, established that Tarrant County was a county of proper, permissive venue, the trial court erred by denying the Devon Parties' motion to transfer venue. We reverse the trial court's order and remand the case with instructions to sustain the motion and to transfer Iona's claims to Tarrant County. *See* Tex. R. App. P. 43.2(d); Tex. R. Civ. P. 89.

## I. BACKGROUND[1]

In 2001, Iona entered into an individualized oil and gas lease with DEPCO, allowing DEPCO to produce Iona-owned minerals on 7,238.944 acres in Tarrant and Parker Counties.[2] The lease set venue in Tarrant County for any disputes:

---

[1]Several of the operative facts were stipulated to by the Devon Parties and Iona for the purposes of the Devon Parties' motion to transfer venue.

[2]The original lease was between Mitchell Energy Company, L.P., which was DEPCO's predecessor-in-interest, and the Veale Testamentary Trust, which later transferred its interest in the minerals to Iona. The parties stipulated, however, that

"Jurisdiction and venue of any action relating to this lease or the leased premises shall lie in Tarrant County, Texas."[3] The parties stipulated that the wells at issue were located in Tarrant and Parker Counties and that the gas produced from those wells was "primarily processed" at a large plant in Wise County—the Bridgeport Plant.[4] Iona's "offices" and principal place of business are in Tarrant County; the Devon Parties' principal places of business are in Oklahoma.

On May 8, 2018, twenty-seven plaintiffs, all of whom had signed leases with DEPCO regarding their mineral interests located in Wise, Denton, and Tarrant Counties, sued the Devon Parties for alleged royalty underpayments.[5] Almost a year later on April 22, 2019, Iona and other mineral owners joined the suit as plaintiffs.[6] The plaintiffs raised claims for (1) breach of the leases' royalty clauses against

---

the lease at issue was between Iona and DEPCO at the relevant time and that the lease was valid and enforceable.

[3]The Devon Parties did not treat this provision as a forum-selection clause in the trial court nor did they seek to dismiss Iona's claims based on the contractual selection of "[j]urisdiction and venue." *See generally Carlile Bancshares, Inc. v. Armstrong*, Nos. 02-14-00014-CV, 02-14-00018-CV, 2014 WL 3891658, at *6–7 (Tex. App.—Fort Worth Aug. 7, 2014, no pet.) (mem. op.) (discussing differences between contractual forum-selection and venue clauses); *Ramsay v. Tex. Trading Co.*, 254 S.W.3d 620, 626 (Tex. App.—Texarkana 2008, pet. denied) (recognizing motion to dismiss is procedural device to enforce forum-selection clause).

[4]The Bridgeport Plant was partially owned by Devon Gas until March 2014.

[5]The plaintiffs named other defendants, but those defendants are not parties to this appeal.

[6]Currently, there are fifty plaintiffs.

DEPCO, (2) breach of the implied contractual duty to deduct only reasonable expenses for processing against DEPCO, (3) fraud by affirmative misrepresentations against DEPCO, (4) fraud by nondisclosure against DEPCO, (5) statutory fraudulent transfer against the Devon Parties, (6) "Corporate Entities Used to Perpetrate Fraud" against the Devon Parties, and (7) conspiracy against the Devon Parties. Iona and the other plaintiffs pleaded for the recovery of their damages (including exemplary damages), attorney's fees, a constructive trust on the money that the Devon Parties retained as a result of their royalty calculations, and the disgorgement of the Devon Parties' profits. To support their chosen venue of Wise County, the plaintiffs alleged general, permissive venue under Section 15.002(a)(1)—all or a substantial part of the acts or omissions giving rise to their claims occurred in Wise County.[7] Tex. Civ. Prac. & Rem. Code Ann. § 15.002(a)(1); *see also Tex. Specialty Trailers, Inc. v. Jackson & Simmen Drilling Co.*, No. 2-07-228-CV, 2009 WL 2462530, at *5 (Tex. App.—Fort Worth Aug. 13, 2009, pet. denied) (mem. op.) (referring to Section 15.002 as permissive venue).

---

[7]The plaintiffs also cited to the permissive-venue provision applicable to cases involving multiple defendants, which requires a plaintiff to first establish proper venue as to one defendant. *See* Tex. Civ. Prac. & Rem. Code Ann. § 15.005. This venue provision is not at issue in this appeal.

The Devon Parties quickly filed a motion to transfer venue of Iona's claims to Tarrant County and denied Iona's pleaded venue facts.[8] The Devon Parties asserted mandatory venue based on the contractual venue provision in DEPCO's lease with Iona, arguing that the lease was a major transaction; permissive, general venue based on their payment of royalties to Iona in Tarrant County—the site of the execution of the lease and the location of some of Iona's wells; and permissive venue based on its contractual obligation to remit payment to Iona in Tarrant County. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 15.002(a)(1), 15.004, 15.020, 15.035; Tex. R. Civ. P. 86.3, 87.3(a). Iona responded that the contractual venue provision did not relate to a major transaction, that the events occurred in Wise County because the gas produced from Iona's wells in Tarrant and Parker Counties was processed in Wise County, that Iona met the joinder elements to permit venue in Wise County, and that DEPCO's contractual payment obligation in the transfer order was irrelevant because Iona did not allege wrongdoing under the transfer order. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 15.002(a)(1), 15.003(a); Tex. R. Civ. P. 87.2(b). The Devon Parties filed a reply, attaching affidavits and documents in support of their venue arguments.

The trial court held a nonevidentiary hearing and denied the Devon Parties' motion to transfer venue on September 2, 2019. *See* Tex. R. Civ. P. 87.3(b). The Devon Parties filed a notice of accelerated, interlocutory appeal and now argue that

---

[8]The Devon parties did not seek to transfer venue regarding the other plaintiffs' claims.

5

Iona did not independently establish venue in Wise County, that Iona failed to meet the joinder requirements that would allow venue in Wise County even though Iona failed to independently establish venue there, and that the Devon Parties established proper venue in Tarrant County. *See* Tex. Civ. Prac. & Rem. Code Ann. § 15.003(b)(1), (c); Tex. R. App. P. 26.1(b), 28.1.

## II. VENUE CONSIDERATIONS

In reviewing a trial court's venue ruling, we must make "an independent determination from the record" that is not governed by "either an abuse of discretion or substantial evidence standard." Tex. Civ. Prac. & Rem. Code Ann. § 15.003(c)(1). In other words, we review the ruling de novo, considering the entire record. *See id.* § 15.064(b); *Surgitek, Bristol-Myers Corp. v. Abel*, 997 S.W.2d 598, 603 (Tex. 1999); *Sustainable Tex. Oyster Res. Mgmt. L.L.C. v. Hannah Reef, Inc.*, 491 SW.3d 96, 107 (Tex. App.—Houston [1st Dist.] 2016, pet. denied). If we conclude that the trial court erred by denying the Devon Parties' motion to transfer venue, we must reverse the order without conducting a harm analysis. *See* Tex. Civ. Prac. & Rem. Code Ann. § 15.064(b).

Once the Devon Parties moved to transfer venue, specifically denying Iona's pleaded venue facts and proffering affidavits and attachments, Iona was required to prove that venue was proper in the county of suit. *See* Tex. R. Civ. P. 87.2(a)–(b), 87.3(a); *Surgitek*, 997 S.W.2d at 602; *In re Masonite Corp.*, 997 S.W.2d 194, 197 (Tex. 1999) (orig. proceeding); *Lynn Smith Chevrolet-GEO, Inc. v. Tidwell*, 161 S.W.3d 738, 742

6

(Tex. App.—Fort Worth 2005, no pet.). Because there was more than one plaintiff in the suit against the Devon Parties, Iona must have independently established proper venue through prima facie proof. *See* Tex. Civ. Prac. & Rem. Code Ann. § 15.003(a); Tex. R. Civ. P. 87.2(a), 87.3(a); *Surgitek*, 997 S.W.2d at 602–03.

Here, Iona relied on the general venue statute and argued that all or a substantial part of the events or omissions giving rise to its claims occurred in Wise County. *See* Tex. Civ. Prac. & Rem. Code Ann. § 15.002(a)(1). Section 15.002 is a permissive-venue statute such that Iona's choice of venue controls if Iona independently established this ground of permissive venue and if the Devon Parties did not establish a ground of mandatory venue. *See* Tex. R. Civ. P. 87.3(b); *Perryman v. Spartan Tex. Six Capital Partners, Ltd.*, 546 S.W.3d 110, 130 (Tex. 2018); *Kerri D. Condie, P.C. v. McLaughlin*, No. 05-18-00085-CV, 2019 WL 2353443, at *3 (Tex. App.—Dallas June 4, 2019, no pet.) (mem. op.). If Iona did not independently establish proper venue under the general venue statute, its claims were required to be transferred to a county of proper venue unless Iona independently established by prima facie proof that it, as one of multiple plaintiffs, met four statutory joinder factors. *See* Tex. Civ. Prac. & Rem. Code Ann. § 15.003(a); *Surgitek*, 997 S.W.2d at 602–03; *Sustainable Tex. Oyster*, 491 S.W.3d at 106–07. *See generally* 72 Tex. Jur. 3d *Venue* § 14 (2013) (recognizing joinder factors considered only if plaintiff failed to independently establish proper venue).

In any event, if the Devon Parties established mandatory venue by prima facie proof, the trial court was required to transfer Iona's claims to the county of mandatory venue. *See* Tex. R. Civ. P. 87.3(c); *Sustainable Tex. Oyster*, 491 S.W.3d at 106; *In re City of Dall.*, 977 S.W.2d 798, 803 (Tex. App.—Fort Worth 1998, orig. proceeding). Thus, mandatory venue trumps permissive venue. *See Perryman*, 546 S.W.3d at 130; *see also* Tex. Civ. Prac. & Rem. Code Ann. § 15.001(b) (defining proper venue as a county of mandatory venue or if no mandatory-venue provision applies, a county of permissive venue).

## III. APPLICATION

### A. MANDATORY VENUE

Because mandatory venue controls even if Iona independently established permissive venue in Wise County under Section 15.002(a)(1) or established the joinder factors under Section 15.003(a), we first address whether the Devon Parties established that a mandatory-venue provision applied to Iona's claims. As we recounted, the Devon Parties raised mandatory venue based on the fact that they and Iona had contractually agreed that jurisdiction and venue for any dispute involving the lease "shall lie" in Tarrant County.[9] *See* Tex. Civ. Prac. & Rem. Code Ann. § 15.020.

---

[9]Although the Devon Parties only tangentially raise mandatory venue under Section 15.020 in their appellate brief by relying on the contractual venue provision, we will consider mandatory venue as part of our review of the entire record because the Devon Parties clearly raised the issue to the trial court in support of their motion to transfer. *Cf. Renzenberger, Inc. v. O'Bryant*, No. 13-05-00090-CV, 2005 WL 1361620, at *3 n.3 (Tex. App.—Corpus Christi–Edinburg June 9, 2005, no pet.) (en banc)

8

Section 15.020 provides that in suits arising from a "major transaction," the parties' written agreement that a suit arising from the transaction may be brought in a particular county controls to set mandatory venue. *Id.* § 15.020(b); *see also In re Fisher*, 433 S.W.3d 523, 534 (Tex. 2014) (orig. proceeding) (op. as corrected on reh'g) (concluding Section 15.020 controls even over other mandatory-venue provisions). A major transaction is

> a transaction evidenced by a written agreement under which a person pays or receives, or is obligated to pay or entitled to receive, consideration with an aggregate stated value equal to or greater than $1 million. The term does not include a transaction entered into primarily for personal, family, or household purposes, or to settle a personal injury or wrongful death claim, without regard to the aggregate value.

Tex. Civ. Prac. & Rem. Code Ann. § 15.020(a). Iona asserted that the lease was not a major transaction as that term is defined for venue purposes because the lease did not state on its face that it involved an aggregate value of $1 million or more.

The aggregate stated value is the value of the consideration a person paid or was obligated to pay under the lease. *See In re Tex. Ass'n of School Bds., Inc.*, 169 S.W.3d 653, 657–58 (Tex. 2005) (orig. proceeding); *Shamoun & Norman, LLP v. Yarto Int'l Grp., LP*, 398 S.W.3d 272, 294 (Tex. App.—Corpus Christi–Edinburg 2012, pet. dism'd & orig. proceeding) (op. on reh'g). The Devon Parties asserted that because

---

(mem. op.) (not addressing collateral estoppel as basis for essential need for joinder under Section 15.003 because collateral estoppel not raised in the trial court). *See generally* Tex. R. App. P. 38.9 (providing for liberal construction of briefing). Iona also addressed the applicability of Section 15.020 in the trial court.

DEPCO has paid $52 million in royalties on the production from Iona's wells "pursuant to its written agreements with Iona,"[10] the aggregate-value requirement is met. But the lease itself stated that it was entered into "[f]or and in consideration of Ten ($10.00) Dollars and other cash paid to [Iona's predecessor-in-interest] concurrently with the execution and delivery of the lease" and that DEPCO was obligated to pay "an annual minimum royalty of $6,000." There is no evidence of the amount of any additional consideration Iona's predecessor received over the stated $10 at the time the lease was executed.

Section 15.020 requires that the aggregate value be "stated" and, thus, "requires the terms of the contract to include provisions stating the contract's value." Tex. Civ. Prac. & Rem. Code Ann. § 15.020(a); *Blacklands R.R. v. Ne. Tex. Rural Transp. Dist.*, No. 1:19-CV-250, 2019 WL 3613071, at *4 (E.D. Tex. Aug. 5, 2019) (mem. & order); *see also Tex. Ass'n of School Bds.*, 169 S.W.3d at 659–60; *In re Togs Energy, Inc.*, No. 05-09-01018-CV, 2009 WL 3260910, at *1 (Tex. App.—Dallas Oct. 13, 2009, orig. proceeding) (mem. op.). The only value reflected in the lease is the $10 consideration and the minimum $6,000 royalty per year. We decline the Devon Parties' invitation to look prospectively at the aggregate value of the lease instead of focusing on the aggregate value reflected on the face of the lease. The lease's stated value falls short

---

[10]Iona has received $7 million in royalties since 2015.

10

of the statutory threshold amount; thus, Section 15.020 does not apply to set mandatory venue in Tarrant County.

## B. PERMISSIVE VENUE

### 1. General Venue—Site of Factual Allegations

No other mandatory venue provision was raised in the trial court;[11] thus, we look to whether Iona established through prima facie proof that Wise County was a county of proper venue. If Iona did so, its selected venue should be honored over all other nonmandatory-venue provisions, including any permissive-venue provision raised by the Devon Parties. *See Perryman*, 546 S.W.3d at 130 (quoting *In re Omni Hotels Mgmt. Corp.*, 159 S.W.3d 627, 629 (Tex. 2005) (orig. proceeding)). Because the trial court denied the Devon Parties' motion to transfer, we look for any probative evidence supporting Iona's selected venue on the bases it alleged. *See Moveforfree.com, Inc. v. David Hetrick Inc.*, 288 S.W.3d 539, 541–42 (Tex. App.—Houston [14th Dist.] 2009, no pet.).

#### a. Specific denial of pleaded venue facts

Iona argues that because the Devon Parties did not specifically deny Iona's pleaded venue facts or point out areas of disputed fact, Iona's venue facts are presumed true; thus, the Devon Parties waived their assertion that Section

---

[11]For example, the Devon Parties did not raise Section 15.011, applicable to some interests in real property, or Section 91.404, applicable to nonpayment of oil or gas proceeds. Tex. Civ. Prac. & Rem. Code Ann. § 15.011; Tex. Nat. Res. Code Ann. § 91.404.

11

15.002(a)(1) did not supply permissive venue. A specific denial of a pleaded venue fact is one that denies the fact itself. *State v. Life Partners, Inc.*, 243 S.W.3d 236, 239 (Tex. App.—Waco 2007, pet. denied) (op. on reh'g); *see also* Tex. R. Civ. P. 87.3(a) ("All venue facts, when properly pleaded, shall be taken as true unless specifically denied by the adverse party.").

Iona alleged that venue was proper in Wise County under Section 15.002(a)(1) because "all or a substantial part of the events or omissions giving rise to the claims occurred in [Wise] [C]ounty." In their motion to transfer venue, the Devon Parties addressed Iona's chosen venue based on Section 15.002(a)(1):

> All of Iona's claims . . . stem from allegations that DEPCO has not paid the proper amount of royalty under the Iona Lease or that DEPCO made misrepresentations in check stubs provided to Iona with the royalty payments made pursuant to the Iona Lease. . . . The Iona Lease covers thousands of acres in Tarrant County and Parker County (and no acreage in Wise County).
>
> . . . All of the wells drilled pursuant to the Iona Lease are located in Tarrant County and Parker County. None of the wells drilled pursuant to the Iona Lease are in Wise County.
>
> . . . The Iona Lease states that notices required or permitted by the Lease must be sent to Iona at 6300 Ridglea Place, Suite 1119, Fort Worth, Texas 76116. Any correspondence sent by the Devon [Parties] to Iona is sent to that address, which is in Tarrant County, Texas.
>
> . . . .
>
> . . . The Devon [Parties] specifically deny that a substantial part of the events or omissions giving rise to Iona's claims occurred in Wise County, Texas. The Devon [Parties] further specifically deny that any part of the events or omissions giving rise to the claims pled by Iona occurred in Wise County, Texas.

12

In their reply, the Devon Parties attached affidavits and relevant documents and asserted that DEPCO paid the royalty amounts to Iona at its office in Fort Worth,[12] as required by the lease, and that all of DEPCO's "revenue and royalty accounting" relating to gas production from Iona's wells was performed in Oklahoma. *See In re Socorro ISD*, No. 13-09-00500-CV, 2010 WL 1138451, at *4 (Tex. App.—Corpus Christi–Edinburg Mar. 22, 2010, orig. proceeding) (mem. op.) (considering "the totality of Socorro's allegations regarding venue," including those in a reply in support of the motion to transfer venue, to determine whether defendant specifically denied venue facts under Rule 87.3(a)). The Devon Parties parsed the elements of Iona's claims and contended that they did not occur in Wise County.

We conclude that the Devon Parties' attached exhibits, denials, and arguments directed to Iona's reliance on Section 15.002(a) were not mere general denials; rather, they were denials of the alleged venue facts themselves and were specific enough to provide notice of the Devon Parties' reasons why Section 15.002(a)(1) did not set proper, permissive venue in Wise County. *See Life Partners*, 243 S.W.3d at 240. We reject Iona's argument that the Devon Parties failed to specifically deny Iona's pleaded venue facts regarding Section 15.002(a)(1).

---

[12]The parties stipulated that DEPCO paid royalties to Iona "pursuant to the Lease and the Transfer Order" and that the "address for IONA on each royalty check stub . . . is a Tarrant County address."

13

### b. Iona's burden under Section 15.002(a)(1)

Because the Devon Parties specifically denied Iona's pleaded venue facts, Iona bore the burden to prove by prima facie proof that venue was proper in Wise County. *See* Tex. R. Civ. P. 87.2(a)–(b), 87.3(a); *Wilson v. Tex. Parks & Wildlife Dep't*, 886 SW.2d 259, 260 (Tex. 1994); *Lynn Smith Chevrolet*, 161 S.W.3d at 742. "Prima facie proof is made when the venue facts are properly pleaded and an affidavit, and any duly proved attachments to the affidavit, are filed fully and specifically setting forth the facts supporting such pleading." Tex. R. Civ. P. 87.3(a).

Iona argued that all or a substantial part of the facts giving rise to its claims occurred in Wise County because the gas from Iona's Tarrant and Parker County wells was "primarily processed" in Wise County at the Bridgeport Plant. *See* Tex. Civ. Prac. & Rem. Code Ann. § 15.002(a)(1). Iona relied on the terms of a contract between DEPCO and Devon Gas under which Devon Gas would take the gas from the wellhead and deliver it to nearby Wise County gathering lines, which were owned and operated by EnLink Midstream Services, LLC (the transport contract).[13] EnLink, in turn, would gather and process the gas mainly at the Bridgeport Plant in Wise County under the terms of its contract with Devon Gas (the processing contract). Iona asserted that these contracts show that a substantial part of the facts implicated in its claims against the Devon Parties occurred in Wise County.

---

[13]Until 2018, EnLink was partially owned by Devon Gas.

Iona's contractual claims against DEPCO are based on its alleged failure "to pay a proper royalty" because DEPCO engaged in "self-dealing pricing and internal 'marketing fee[s]'" based on "affiliated, self-dealing sham contracts"—the transport and processing contracts. Similarly, Iona's tort and statutory claims are based on the Devon Parties' alleged "self-dealing" accounting deductions from the eventual royalty payments that Iona alleged were shadily allowed under the transport and processing contracts and the lease. In short, Iona alleged that through the transport and processing contracts, the Devon Parties were able to delay paying royalties, to re-calculate the owed royalty payments through accounting sleight of hand, and to increase their profits.

DEPCO's actions in calculating Iona's royalties under the terms of the Iona lease, the transport contract, and the processing contract were not undertaken in Wise County. DEPCO performed all royalty and revenue calculations and accounting at its office in Oklahoma and sent the resulting payment amounts to Iona in Tarrant County. Iona's main contention in each of its claims was that its royalties were improperly paid under the terms of its lease with DEPCO and the transfer order based on the Devon Parties' interrelated contractual maneuvers. Iona's claims substantially arise from these royalty calculations and from the Devon Parties' alleged statements or misstatements to Iona about how the royalties were calculated, not from the actual procedures by which the gas was transported and processed. *Cf. Beard v. Endeavor Nat. Gas, L.P.*, No. 01-08-00180-CV, 2008 WL 5392026, at *3 (Tex.

15

App.—Houston [1st Dist.] Dec. 19, 2008, pet. denied) (mem. op.) (recognizing county where division-order contract was executed was not county of proper venue because "the heart of the dispute is over the calculations of royalty payments . . . rather than the construction or validity of the division order itself" and confirming proper venue lay in county were "all revenue processing" was undertaken). Further, we question whether Iona can rely on two contracts to which it was not a party—the transport and processing contracts—to provide permissive venue for its claims under Section 15.002(a)(1). *See Russell v. Panhandle Prod. Co.*, 975 S.W.2d 702, 710–11 (Tex. App.—Amarillo 1998, no pet.).

Iona argues that whether a deducted expense was reasonable under the lease "is dependent on the location of the gathering and processing," which was Wise County. But the federal opinion that Iona cites in support did not involve venue but rather determined whether a charged and deducted amount for the installation of a compressor "upon the leased premises" was reasonable. *Martin v. Glass*, 571 F. Supp. 1406, 1417 (N.D. Tex. 1983) (mem. op.), *aff'd mem.*, 736 F.2d 1524 (5th Cir. 1984). We conclude that *Martin* does not compel a different result here because it did not discuss whether the location where a deducted expense was incurred affected proper venue.

Additionally, the dispute in *Martin* was based on whether the installer's charges were reasonable based on "typical charge[s]" for such services where the compressor was installed. *Id.* Although Iona alleges that the Devon Parties' deductions were

16

"unreasonable," Iona's claims are based on how the Devon Parties maximized their returns through acquisitions and contractual maneuvers that reduced the amount of royalties they were required to contractually pay Iona. Iona's claims do not challenge the reasonableness of the deducted service fees based on a comparison to typical service charges for the geographical area; rather, Iona challenges the Devon Parties' business practices and contractual ability to increase the deducted amounts and, thereby, to reduce the royalty payments.[14] In short, Iona attacks the Devon Parties' accounting practices that led to the disbursed royalty amounts. *Cf. Seelingson v. Devon Energy Prod. Co.*, No. 2:14-cv-996-JRG-RSP, 2015 WL 4944481, at \*5 (E.D. Tex. Aug. 19, 2015) (mem. order) (denying motion to transfer venue in similar action regarding DEPCO's royalty payments and characterizing putative class's claims as "an accounting dispute").

In any event, Iona failed to proffer prima facie proof that the facts giving rise to its claims against the Devon Parties based on their alleged royalty underpayments substantially occurred in Wise County.

---

[14]Indeed, Iona asserts in its brief that the "contractual dedications" in the transport and processing contracts between Devon Gas, DEPCO, and EnLink resulted in the "payments to the royalty owners [being] decreased proportionally." And it further argues that its claims were "to recover damages it suffered as a result of [the Devon Parties'] underpayment of royalties based on [their] failure to sell the production based on a market price and deduction of excessive gathering and processing fees **under the [transport and processing] contracts**." [Emphasis added.]

## 2.  Multiple Parties—Joinder Factors

Because Iona failed to establish permissive joinder under Section 15.002(a)(1), its choice of permissive venue may still control if Iona established, by prima facie proof, four joinder factors:

> (1) joinder of that plaintiff or intervention in the suit by that plaintiff is proper under the Texas Rules of Civil Procedure;

> (2) maintaining venue as to that plaintiff in the county of suit does not unfairly prejudice another party to the suit;

> (3) there is an essential need to have that plaintiff's claim tried in the county in which the suit is pending; and

> (4) the county in which the suit is pending is a fair and convenient venue for that plaintiff and all persons against whom the suit is brought.

Tex. Civ. Prac. & Rem. Code Ann. § 15.003(a)(1)–(4); *see also Surgitek*, 997 S.W.2d at 602–03 (holding a plaintiff unable to independently establish proper venue bears the burden of proof on each joinder factor).  Iona seems to suggest that the Devon Parties had the burden to present evidence that Wise County was not proper under Section 15.003(a).  Based on *Surgitek*, we reject this contention—the burden rested squarely on Iona.

Regarding the third factor, Iona must have demonstrated an essential need to try its claims in Wise County.  This means Iona must have shown that it was "indispensably necessary" to try its claims in Wise County, which is a very "high burden" to meet.  *Surgitek*, 997 S.W.2d at 604; *see also* 2 Roy McDonald & Elaine A.

Grafton Carlson, *Texas Civil Practice* § 6:59 (2d ed. 2002) (describing essential-need factor as the "most difficult factor to establish").

Iona contended in the trial court and now on appeal that the need to avoid the potential of inconsistent judgments is prima facie proof of its essential need to try its claims in Wise County. Iona relies on *Sustainable Texas Oyster* for this assertion. 491 S.W.3d at 109. But in that case, the plaintiffs' individual leases were modified by the same overriding exclusive lease, which was the basis of their declaratory-judgment claims. *Id.* at 101, 110-11. Because a declaration in one county as to the effect of the overriding exclusive lease would act to collaterally estop any later inconsistent declaration in another county, the appellate court concluded that the plaintiff had established the essential-need factor. *Id.* at 111–12; *see also Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Valero Energy Corp.*, 143 S.W.3d 859, 861–62, 865–66 (Tex. App.—Corpus Christi–Edinburg 2004, pet. denied) (holding plaintiff raising claims directed to the scope of a settlement agreement that involved other plaintiffs had established essential need based on collateral estoppel, which would deny some plaintiffs "their day in court").

Here, however, DEPCO's obligation to pay royalties to Iona is governed by a separate, individualized lease as opposed to the leases between DEPCO and the other Wise County plaintiffs. *See generally In re Devon Energy Prod. Co.*, 321 S.W.3d 778, 783–84 (Tex. App.—Tyler 2010, orig. proceeding) (recognizing oil-and-gas lessor could not intervene in other lessors' suit against DEPCO even though "same lease form"

19

was used because intervenor-lessor was not a party to other leases and was not entitled to benefits from those separate leases). Any judgment regarding the other Wise County plaintiffs would not collaterally estop a different county from entering an inconsistent judgment based on Iona's separate lease and the Devon Parties' separate obligations under the lease and the transfer order. *See Fincher v. Wright*, 141 S.W.3d 255, 261–62 (Tex. App.—Fort Worth 2004, no pet.) (holding collateral estoppel requires privity, which is more than a common interest in proving the same facts or an interest in the same question); *Tex. Capital Sec. Mgmt., Inc. v. Sandefer*, 80 S.W.3d 260, 265–66 (Tex. App.—Texarkana 2002, pet. struck) (holding privity, for collateral-estoppel purposes, means parties who essentially have the same legal right in the dispute). Even if Iona's and the other Wise County plaintiffs' claims are adjudicated in the same suit, different results could occur based on Iona's separate lease and transfer order.

We conclude that Iona's inconsistent-judgments argument does not meet its high burden to establish the essential need that its claims be tried in Wise County. *Cf. Tex. Mut. Ins. Co. v. E. Side Surgery Ctr., Inc.*, 159 S.W.3d 155, 158–59, 161–62 (Tex. App.—Corpus Christi–Edinburg 2004, pets. dism'd) (holding multiple class actions brought by medical service providers against insurance companies for payment practices in violation of the worker's compensation statutory scheme would lead to inconsistent judgments sufficient to establish essential need); *Ramirez v. Collier, Shannon, Scott, PLLC*, 123 S.W.3d 43, 52 (Tex. App.—Houston [1st Dist.] 2003, pet.

20

denied) (op. on reh'g) (holding benefits of pooling resources, shared facts and issues, and location of witnesses does not show essential need); *Smith v. Adair*, 96 S.W.3d 700, 707 (Tex. App.—Texarkana 2003, pet. denied) (recognizing essential need means more than judicial economy or convenience); *O'Quinn v. Hall*, 77 S.W.3d 438, 451 (Tex. App.—Corpus Christi–Edinburg 2002, no pet.) ("[T]he mere fact that a related suit is already proceeding in that county is insufficient to establish that it is indispensably necessary for the plaintiff seeking joinder or intervention to try his claims there."). Because Iona failed to establish essential need, we need not address the other joinder factors. *See Smith*, 96 S.W.3d at 708.[15] We sustain portions of the Devon Parties' first and second issues.[16]

---

[15]We do note however that Iona's proof of no unfair prejudice and convenience (the second and fourth joinder factors) does not meet its prima facie burden on those factors. Iona's "general partner" submitted an unsworn declaration in which he stated that transferring Iona's claims to Tarrant County would "not promote justice," would "decrease convenience," and would "create a multiplicity of suits." *See generally* Tex. Civ. Prac. & Rem. Code Ann. § 132.001 (allowing unsworn declaration to act as an affidavit if declaration subscribed under penalty of perjury). These bare assertions do not establish by prima facie proof that venue in Wise County would not unfairly prejudice another party or that it would be fair and convenient for the Devon Parties. *See* Tex. R. Civ. P. 87.3(a); *cf. Tex. Mut. Ins.*, 159 S.W.3d at 161-62 (discussing affidavit proof establishing no unfair prejudice and fair and convenient venue).

[16]Specifically, we sustain the Devon Parties' argument that Iona did not meet its burden under Section 15.002(a)(1) or its burden under Section 15.003(a)(3).

21

### 3. Permissive, Contractual Venue

Because Iona failed to meet its burden to establish proper venue under either Section 15.002(a)(1) or Section 15.003,[17] "the right to cho[o]se proper venue passe[d] to the [Devon Parties] who must prove that venue is maintainable in the county to which transfer is sought." *Wilson*, 886 S.W.2d at 260 n.1; *see* Tex. Civ. Prac. & Rem. Code Ann. § 15.063(1); *Crown Cent. LLC v. Anderson*, 239 S.W.3d 385, 389 (Tex. App.—Beaumont 2007, pet. denied). Again, the Devon Parties must establish proper venue by prima facie proof. *See* Tex. R. Civ. P. 87.2(a)–(b); *Garza v. State & Cty. Mut. Fire Ins. Co.*, No. 2-06-202-CV, 2007 WL 1168468, at *3 (Tex. App.—Fort Worth Apr. 19, 2007, pet. denied) (mem. op.).

The Devon Parties argued that permissive venue lies in Tarrant County because DEPCO was contractually obligated through the transfer order to pay royalties to Iona at its address in Tarrant County. In limited circumstances, a contract can provide a county of permissive venue:

> [I]f a person has contracted in writing to perform an obligation in a particular county, expressly naming the county or a definite place in that county by that writing, suit on or by reason of the obligation may be brought against him either in that county or in the county in which the defendant has his domicile.

Tex. Civ. Prac. & Rem. Code Ann. § 15.035(a). In short, Section 15.035(a) allows parties to contractually agree to venue but only if the obligation sued upon was to be

---

[17]Again, these were the only applicable venue bases asserted by Iona in the trial court.

performed in a particular county. *See Fid. Union Life Ins. Co. v. Evans*, 477 S.W.2d 535, 536 (Tex. 1972).

The transfer order imposed a binding obligation on DEPCO to pay Iona in Tarrant County and the order, along with the lease terms, the transport contract, and the processing contract, were the bases for Iona's underpayment claims against the Devon Parties.[18] *Cf. Gavenda v. Strata Energy, Inc.*, 705 S.W.2d 690, 691 (Tex. 1986) ("The general rule in Texas, though, is that division and transfer orders bind underpaid royalty owners until revoked."); *Exxon Corp. v. Middleton*, 613 S.W.2d 240, 250 (Tex. 1981) (op. on reh'g) (recognizing division order, although not supplanting the lease, bound the parties regarding applicable royalty rate because order provided basis for payments). Here, the lease contractually set venue in Tarrant County, and the transfer order obligated DEPCO to perform its payment obligations to Iona under the lease by remitting the calculated royalties to Iona in Tarrant County. Iona's claims center on DEPCO's failure to appropriately discharge its payment obligations either through underpayments based on accounting practices or based on the Devon Parties' interrelated contractual agreements. We conclude that the Devon Parties established permissive venue under Section 15.035 based on DEPCO's contractual

---

[18]Importantly, the parties stipulated that the royalties due to Iona were paid "pursuant to the Lease **and** the Transfer Order." [Emphasis added.] This stipulation belies Iona's trial-court argument that the transfer order was irrelevant to a venue analysis. Indeed, Iona does not raise this argument on appeal and does not address the applicability of Section 15.035.

obligation to remit payment to Iona in Tarrant County, which payment amounts were the bases of Iona's claims. *See Gonzalez v. Nielson*, 770 S.W.2d 99, 102 (Tex. App.—Corpus Christi–Edinburg 1989, writ denied); *Reynolds v. Groce-Wearden Co.*, 250 S.W.2d 749, 749–50 (Tex. App.—San Antonio 1952, writ ref'd). These facts also established general, permissive venue under Section 15.002(a)(1) as pleaded by the Devon Parties. *See Mekdessi v. RISC, Inc.*, No. 2-02-169-CV, 2003 WL 1564304, at *2 (Tex. App.—Fort Worth Mar. 27, 2003, pet. denied) (per curiam) (mem. op.). We sustain the Devon Parties' third issue.

## IV. CONCLUSION

In general, a plaintiff's choice of venue controls. *See Masonite*, 997 S.W.2d at 197. But that choice must be supported by the statutory venue provisions and the applicable burdens of proof. Here, Iona failed to meet its burden to show, either independently or as a joined plaintiff, that venue was proper in Wise County. The Devon Parties pleaded permissive-venue statutes and met their burden of proof to show proper venue in Tarrant County for Iona's claims against them. Therefore, the trial court's order denying the Devon Parties' motion to transfer was in error. *See generally id.* ("If the plaintiff fails to establish proper venue, the trial court must transfer venue to the county specified in the defendant's motion to transfer, provided that the defendant has requested transfer to another county of proper venue."). Accordingly, we reverse the trial court's order and remand the case with instructions for the trial

24

court to sustain the Devon Parties' motion and to transfer Iona's claims to Tarrant County.  *See* Tex. Civ. Prac. & Rem. Code Ann. § 15.063(1); Tex. R. Civ. P. 89.

/s/ Lee Gabriel

Lee Gabriel
Justice

Delivered:  January 9, 2020