**STATE of Iowa, Appellee,**

v.

**Reese Edward GARDNER,
Jr., Appellant.**

No. 01–1879.

Supreme Court of Iowa.

May 7, 2003.

Linda Del Gallo, State Appellate Defender, and Robert P. Ranschau, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Cristen C. Odell, Assistant Attorney Gen-

eral, Thomas J. Ferguson, County Attorney, and Kim Griffith, Assistant County Attorney, for appellee.

TERNUS, Justice.

The judge who presided at the defendant's criminal trial was subsequently listed as a witness in the minutes of testimony filed by the State in support of a habitual violator allegation. The defendant, Reese Gardner, claims the judge's dual roles violated Gardner's due process right to a fair trial and contravened Iowa Rule of Evidence 5.605. Although we discourage the course employed by the prosecution in this case, we conclude the defendant's rights were not compromised. Accordingly, we affirm the judgment of conviction and sentence.

I. *Background Facts and Proceedings.*

In August 2001 a jury found the defendant guilty of second-degree robbery in a trial over which Judge George Stigler presided. After the verdict, the State filed amended minutes of testimony in support of a habitual violator allegation made in the trial information. *See* Iowa Code §§ 902.8, .9 (2001) (providing for sentencing enhancement when defendant is a habitual violator). These minutes included Judge Stigler as a witness, stating the judge would testify he presided over a 1989 case in which the defendant pled guilty to second-degree robbery.

The habitual violator allegation proceeded to trial. District Judge Jon Fister presided. After testimony from an employee of the clerk of court's office, the defendant elected to forego a jury trial and the case then proceeded on the minutes of testimony. Based on the minutes, including the summary of Judge Stigler's anticipated testimony, Judge Fister found that the defendant was the same person who was convicted of second-degree robbery in 1989. The court made similar findings with respect to two other felony convictions alleged in the amended trial information. Judge Fister then adjudged the defendant to be a habitual violator.

A few weeks later, the defendant appeared before Judge Stigler for sentencing. Judge Stigler sentenced the defendant to the term of incarceration required by the applicable sentencing laws. *See id.* §§ 902.9, .12.

■■■■ The defendant appeals, claiming he was denied a fair trial as guaranteed by the Due Process Clauses of the United States and Iowa constitutions because Judge Stigler presided over his criminal trial while also being used by the State as a witness on the habitual violator allegation. *See* U.S. Const. amend. XIV, § 1; Iowa Const. art. I, § 9. The defendant also relies on Iowa Rule of Evidence 5.605, which precludes a presiding judge from being a witness. We review the claimed constitutional violation de novo and the alleged rule violation for correction of errors of law. *See State v. Tovar,* 656 N.W.2d 112, 114 (Iowa 2003).

II. *Applicable Legal Principles.*

■■■■ "A fair trial in a fair tribunal is a basic requirement of constitutional due process." *State v. Larmond,* 244 N.W.2d 233, 235 (Iowa 1976); *accord In re Murchison,* 349 U.S. 133, 136, 75 S.Ct. 623, 625, 99 L.Ed. 942, 946 (1955); *see also State v. Hernandez–Lopez,* 639 N.W.2d 226, 238 (Iowa 2002) (stating procedural due process "requires government action resulting in the deprivation of a liberty interest to be implemented in a fair manner"). A judge cannot be fair and impartial, however, when he or she is called upon to assess his or her own credibility in determining a matter. *See Keith v. Cmty. Sch. Dist.,* 262 N.W.2d 249, 260–61 (Iowa 1978).

The basis for this conclusion is apparent: how can a judge presiding in a case in which the judge is also a witness be expected to do otherwise than find himself or herself to be credible? We agree with the following observations of the Eighth Circuit on this point:

We think it runs against the grain of fairness to say that the same judge may consider his own crucial testimony and recollection rebutting petitioner's claim and simultaneously pass upon the credibility of all witnesses in weighing the evidence. A member of the judiciary has no peculiar competence in factual recollection of unrecorded events. In fact, the many cases a trial judge participates in may well cloud vivid recollection of detail in a specific case. A party should be permitted to test a judge's recollection, as a witness presenting factual material testimony, as he would any other witness upon cross-examination.

It has long been recognized under similar circumstances that a judge cannot serve as a material witness as well as the trier of fact.

"Indeed, a judge presiding at a trial is not a competent witness, for the duties of a judge and a witness are incompatible. If he testifies he would have to pass upon the competency of his own testimony; and as a witness he might be regarded a partisan, and would be subject to embarrassing conflicts with counsel. The danger to the dignity of the bench, of subjecting its impartiality to doubt and of placing the defendant at an unfair disadvantage by admitting the presiding judge as a witness is very obvious."

*Tyler v. Swenson,* 427 F.2d 412, 415 (8th Cir.1970) (citations omitted).

■ Iowa Rule of Evidence 5.605 addresses similar concerns by prohibiting a presiding judge from testifying as a witness. The underlying justification for this rule, like its constitutional counterpart, is the idea that a presiding judge's assumption of the role of witness is inconsistent with the impartiality expected of the court. *State v. Baird,* 259 Neb. 245, 609 N.W.2d 349, 353 (2000); *O'Quinn v. Hall,* 77 S.W.3d 438, 448 (Tex.App.2002); 3 Joseph M. McLaughlin, *Weinstein's Federal Evidence* § 605.02[2], at 605–5 (2d ed.2002) [hereinafter *Weinstein's Federal Evidence*]. This rule is violated whenever the judge functions as a witness, even though the judge may not actually take the stand to testify. *See Lillie v. United States,* 953 F.2d 1188, 1191 (10th Cir.1992); *Tyler,* 427 F.2d at 416; *O'Quinn,* 77 S.W.3d at 448; *Weinstein's Federal Evidence* § 605.07[1], at 605–21.

### III. *Application of Law to This Case.*

■ When the procedural posture of the matter before us is examined in light of the rationale underlying the prohibition against a presiding judge serving as a witness, we conclude the defendant was not denied his right to a fair trial, nor was rule 5.605 violated. Judge Stigler was listed as a witness for the State on the habitual offender allegation. Judge Stigler did not, however, preside at the trial of this issue, nor did he make any factual determinations based on the record made at that trial. Thus, Judge Stigler did not preside at the proceeding in which he served as a witness.

The defendant argues, nonetheless, that Judge Stigler served as a witness in the same matter over which he presided because the habitual violator allegation did not charge a separate offense. *See State v. Woody,* 613 N.W.2d 215, 217 (Iowa 2000) ("When the State alleges that a defendant is an habitual offender, the State is not charging a separate offense."). While it is true that the habitual violator allegation

was not a distinct charge, that fact does not change the procedural stance of this matter, namely, that the habitual violator issue was tried in a separate proceeding where Judge Fister, not Judge Stigler, presided. Because Judge Fister, not Judge Stigler, made the necessary factual determinations, Judge Stigler was not called upon to assess his own credibility. Consequently, the defendant's due process right to a fair trial was not compromised, and for the same reason, rule 5.605 was not violated. *See Gold v. Warden,* 222 Conn. 312, 610 A.2d 1153, 1157 (1992) ("A judge is not disqualified and is a competent witness to testify at a new trial or collateral proceeding to observed facts that occurred before him or her at a former trial or proceeding.").

Although we find no basis for reversal in this case, our ruling should not be taken as an approval of the practice followed by the prosecution. To the contrary, we strongly discourage the routine designation of judges as witnesses for purposes of proving prior convictions in the habitual violator phase of a case. First, it is generally unnecessary. (In the present case, four witnesses in addition to the judge were listed to prove the 1989 conviction.) More importantly, however, while this practice is not automatically a constitutional or rule violation, it causes laypersons to question the fairness of a process that allows a judge to switch roles from one proceeding to the next. Thus, as the State concedes in its brief, "the better, and certainly safer, practice would be to prove an accused's prior convictions through witnesses other than the judge who presided over them."

In conclusion, we find no basis for reversal. The defendant's habitual violator status was heard by a fair and impartial decision maker as required by the Due Process Clause, and Judge Stigler was not precluded by rule 5.605 from testifying in the habitual violator proceeding. Therefore, the defendant's judgment of conviction and sentence is affirmed.

**AFFIRMED.**