**IN THE COURT OF APPEALS OF IOWA**

No. 23-1943
Filed March 5, 2025

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JAMES RUSSELL ELLIS,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Plymouth County, Patrick H. Tott,

Judge.

        A defendant appeals his conviction for failure to appear.  **REVERSED AND**

**REMANDED FOR NEW TRIAL.**

        Martha J. Lucey, State Appellate Defender, and Rachel C. Regenold,

Assistant Appellate Defender, for appellant.

        Brenna Bird, Attorney General, and Timothy M. Hau, Assistant Attorney

General, for appellee.

        Considered by Greer, P.J., and Ahlers and Badding, JJ.

**AHLERS, Judge.**

After James Ellis didn't appear for his felony jury trial, the State charged him with willfully failing to appear in violation of Iowa Code section 811.2(8) (2022). A jury found him guilty, and Ellis appeals. He contends the evidence presented was insufficient to support his conviction and challenges the admission of certain evidence.

## I.     Sufficiency of the Evidence

We begin our review with Ellis's sufficiency-of-the-evidence challenge, as success on that issue would require us to remand for judgment of acquittal and make it unnecessary to address his evidentiary challenge. *See State v. Dullard*, 668 N.W.2d 585, 597 (Iowa 2003). Challenges to the sufficiency of the evidence are reviewed for correction of errors at law. *State v. Crawford*, 972 N.W.2d 189, 202 (Iowa 2022). We are bound by a jury's guilty verdict if it is supported by substantial evidence. *Id.* Evidence is substantial if it is sufficient to convince a reasonable juror that the defendant is guilty beyond a reasonable doubt. *Id.* To assess whether the jury's verdict is supported by substantial evidence, we view the evidence in the light most favorable to the State, including all "legitimate inferences and presumptions that may fairly and reasonably be deduced from the record evidence." *Id.* (citation omitted). Also, in assessing the sufficiency of the evidence, we consider the evidence admitted at trial, including the evidence that Ellis challenges as inadmissible. *See Dullard*, 668 N.W.2d at 597.

The marshaling instruction given to the jury required the State to prove:

> 1. On or about August 3, 2022, the defendant was released in connection with a charge which constitutes a felony in [a prior Plymouth County case].

2. On or about November 8, 2023, the defendant willfully failed to appear before the court as required in [the prior Plymouth County case].

As Ellis made no objection to this marshaling instruction, it became the law of the case for purposes of assessing his sufficiency-of-the-evidence challenge. *See State v. Schiebout*, 944 N.W.2d 666, 671 (Iowa 2020). The court gave further direction as to the second element by instructing the jury that "[a] defendant acts willfully if he voluntarily or intentionally violated a known legal duty." Ellis challenges the sufficiency of the evidence supporting the second element.

Viewing the evidence in the light most favorable to the State, reasonable jurors could have found the following facts. On August 3, 2022, Ellis was released from jail on a felony charge after posting a bail bond. A jury trial was scheduled to begin on that felony charge in Plymouth County on November 8 at 9:00 a.m. About three hours before the trial was set to start, Ellis was taken into custody on a different charge in Sioux County. When the judge presiding over Ellis's Plymouth County jury trial became aware of Ellis's incarceration in Sioux County, the judge conducted an initial appearance on the Sioux County charge and released Ellis at 9:02 a.m. on a promise to appear so he could attend the trial in Plymouth County.

By 10:34 a.m., Ellis had still not arrived at the Plymouth County courthouse for his jury trial. The judge held a hearing to determine the best course of action. The court reporter testified that during the hearing Ellis communicated with his attorney by telephone that he needed to return a borrowed car and would not be coming to the courthouse in the next fifteen minutes. The judge did not want to keep the jurors waiting any longer, so the judge continued the trial, released the jurors, and issued a warrant for Ellis's arrest. The judge also entered an order

finding that Ellis had failed to appear. The order included a finding that Ellis "offered a series of increasingly unpersuasive excuses for why he needed more time to get here."

As noted, based on these facts, the jury found Ellis guilty. Ellis argues there is insufficient evidence to support the jury's finding that he willfully failed to appear because the judge failed to specify a time for him to appear after releasing him from custody in Sioux County. This argument asks us to interpret the evidence differently than the jury did, but we cannot do that, as it is ultimately the jury's responsibility to resolve conflicts in and weigh the evidence. *See State v. Brimmer*, 983 N.W.2d 247, 256 (Iowa 2022). Specifying a time in these circumstances was unnecessary, as a reasonable juror could conclude he was released from custody to attend the trial and his hour and a half delay while "offer[ing] a series of increasingly unpersuasive excuses for why he needed more time" to get to trial was an intentional violation of a known legal duty. As there is substantial evidence supporting the jury's verdict, we reject his sufficiency-of-the-evidence challenge.

## II. Admissibility of the Court Order

Having determined there is sufficient evidence to support Ellis's conviction, we now address his evidentiary challenge. Ellis claims error in the admission of an exhibit—specifically the court order that found Ellis failed to appear and "offered a series of increasingly unpersuasive excuses for why he needed more time" to appear at trial. Ellis claims the exhibit was inadmissible hearsay.[1]

---

[1] The partial dissent concludes error was not preserved on this issue despite the State's concession otherwise. We disagree. Ellis objected to the exhibit on hearsay grounds, and there is no dispute the exhibit is hearsay. As such, the State, as the party seeking admission of the hearsay evidence, bore the burden to

Evidentiary challenges based on hearsay are reviewed for corrections of errors at law. *State v. Dessinger*, 958 N.W.2d 590, 597 (Iowa 2021). "The correction for errors at law standard is applicable in determining whether evidence that would generally be prohibited as hearsay comes in under a hearsay exception." *Id.*

Hearsay is an out-of-court statement offered to prove the truth of the matter asserted. Iowa R. Evid. 5.801(c). In general, hearsay is inadmissible unless it falls within an exception to the hearsay rule. Iowa R. Evid. 5.802.

### A.      Public-Records Exception

The State concedes that the exhibit at issue was hearsay, but it contends it falls within an exception to the hearsay rule. The district court agreed and admitted the exhibit under the public-records exception. *See* Iowa R. Evid. 5.803(8). That exception provides that the following is not excluded by the rule against hearsay regardless of whether the declarant is available as a witness:

> (A) To the extent not otherwise provided in rule 5.803(8)(B), a record or statement of a public office or agency if it sets out:
> (i) Its regularly conducted and regularly recorded activities;
> (ii) Matters observed while under a legal duty to report; or
> (iii) Factual findings from a legally authorized investigation.
> Rule 5.803(8)(A) does not apply if the opponent shows that the source of the information or other circumstances indicate a lack of trustworthiness.

Iowa R. Evid. 5.803(8)(A). Both parties agree the court-order exhibit meets this part of rule 5.803(8) because judges regularly create court orders to record activities of the court. But subpart (8)(A) of the rule is expressly limited by

---

prove an exception to the rule against hearsay. *State v. Jackson*, 4 N.W.3d 298, 306 (Iowa 2024). Whether the State met that burden was the tussle at the district court, and it is the tussle here. The issue was preserved for our review.

subpart (8)(B) of the rule.  Subpart (8)(B) exempts certain records from the public-records exception to the hearsay rule as follows:

> (B) The following are not within this public records exception to the hearsay rule:
> (i) Investigative reports by police and other law enforcement personnel.
> (ii) Investigative reports prepared by or for a government, a public office, or an agency when offered by it in a case in which it is a party.
> (iii) Factual findings offered by the state or a political subdivision in criminal cases.
> (iv) Factual findings resulting from special investigation of a particular complaint, case, or incident.

Iowa R. Evid. 5.803(8)(B).

Ellis contends the court-order exhibit triggers the exemption set forth in rule 5.803(8)(B)(iii).  We agree.  Contrary to the State's argument, the exhibit included factual findings, not just routine recordings of events.  It is the fact findings contained in the exhibit that triggers rule 5.803(8)(B)(iii).  Those fact findings included the court's determination that Ellis failed to appear for trial and that he "offered a series of increasingly unpersuasive excuses for why he needed more time" to get to the courthouse—factual findings bearing directly on the issues at Ellis's failure-to-appear trial.  Because the court-order exhibit included factual findings, and it was offered by the State in a criminal case, rule 5.803(8)(B)(iii) applied to preclude application of the public-records exception.  As the public-records exception did not apply, the exhibit was erroneously admitted under that exception.

Our conclusion is supported by *State v. Reitenbaugh*, in which the supreme court found that an arrest warrant that satisfied subpart (8)(A) of the public-records exception was inadmissible due to subpart (8)(B) because the statements were

prepared for the purpose of having the defendant arrested and constituted factual findings.  392 N.W.2d 486, 489 (Iowa 1986).  The court in *Reitenbaugh* reasoned that a better policy to evaluate the trustworthiness of statements was to require the prosecution to call the persons conducting the investigation or writing the reports as witnesses, rather than allowing the State to use written reports alone to satisfy its burden of proof.  *Id.* at 490.

The State argues the facts in Ellis's case are more analogous to those in *State v. McCurry*, where the DNA expert who prepared reports based on the defendant's DNA profile was called as a witness and subject to cross examination. 544 N.W.2d 444, 446 (Iowa 1996).  In *McCurry*, the court found the concerns raised in *Reitenbaugh* were alleviated by calling the expert as a witness and ruled that the defendant was not harmed by the admission of the reports, as they were merely cumulative of testimony already in the record.  *Id.* at 447.  The State claims Ellis's case is analogous because the court reporter at the trial at which Ellis failed to appear testified during Ellis's failure-to-appear trial about statements made in the court-order exhibit, so her testimony had satisfied any trustworthiness concerns as it did in *McCurry*.  *See id.*

While we acknowledge the testimony given by the court reporter matched some of the statements in the court-order exhibit, we find this case distinguishable from *McCurry*.  In *McCurry*, the declarant (i.e., the DNA expert) testified and was subject to cross-examination about the witness's statements in the document.  *Id.* at 448.  Here, the judge was the declarant, not the court reporter who testified.  So, the declarant was not subject to cross-examination about the statements in the challenged court-order exhibit.  For this reason, we find this case more akin to

*Reitenbaugh* than *McCurry*, and we reject the State's claim that the court-order exhibit fell under the public-records exception to the rule against hearsay.[2]

## B.      Business-Records Exception

The State makes an alternative argument.  It contends that, even if the court-order exhibit was not admissible under the public-records exception, it was admissible under the business-records exception found in Iowa Code section 622.28(1),[3] which states:

> Any writing or record, whether in the form of an entry in a book or otherwise, including electronic means and interpretations thereof, offered as memoranda or records of acts, conditions, or events to prove the facts stated therein, shall be admissible as evidence if the judge finds that they were made in the regular course of a business at or about the time of the act, condition, or event recorded; that the sources of information from which made and the method and circumstances of their preparation were such as to indicate their trustworthiness; and that they are not excludable as evidence

[2] We do not share the partial dissent's concern that our ruling will require trial judges to be called as witnesses anytime a defendant is charged with failing to appear, and we by no means suggest such measures are necessary in most cases.  In most cases, a trial judge faced with a non-appearing defendant will have no information as to the willfulness of the defendant's failure to appear.  As discussed in more detail in the harmless-error section of this opinion, in this case the trial judge had more information about the defendant's conduct than in most instances.  This case is an outlier in that regard.  But, even if it is not an outlier, if the State desires to introduce a judge's fact findings (and in this case, conclusions, as also discussed in the harmless-error section below), it will need to call the judge or find some other way to present such findings that does not run afoul of the rules against admission of hearsay.  Nothing in rule 5.803(8)(B)(iii) states, or even suggests, that it does not apply just because the declarant is a judge.

[3] Section 622.28 has a counterpart in the Iowa Rules of Evidence, specifically rule 5.803(6).  The 1983 official comments to the Iowa Rules of Evidence indicate that what is now rule 5.803(6) replaced section 622.28; but the statute has never been repealed.  Laurie Kratky Doré, *Iowa Practice Series: Evidence*, § 5.803:6 n.1 (Dec. 2024 Update).  Nevertheless, we do not view the statute and the rule to be substantively different, so we will look to cases interpreting the rule for guidance on the State's statutory claim.  *See id.* ("As a practical matter, there do not appear to be many significant differences between the rule and the statute.  Moreover, the statute is rarely invoked.  Most Iowa cases discussing the admissibility of business records cite rule 5.803(6), rather than the statute.").

because of any rule of admissibility of evidence other than the hearsay rule.

We are not persuaded by the State's argument. As previously noted, the court-order exhibit meets an exemption for admission under the public-records exception. *See* Iowa R. of Evid. 5.803(8)(B)(iii). We do not appear to have any appellate cases addressing whether a document found inadmissible under one of the exemptions from the public-records exception found in rule 5.803(8)(B) can be admitted under the business-records exception found in rule 5.803(6) or section 622.28. *See State v. Martinez*, No. 21-0145, 2022 WL 1487594, at *3 n.5 (Iowa Ct. App. May 11, 2022) (noting the lack of Iowa cases addressing the interplay between rule 5.803(6) and (8)). But other jurisdictions and commentators have addressed the issue and concluded that evidence that is not admissible due to exemptions from the public-records exception in their version of rule 5.803(8) cannot be admitted under the business-records exception of their version of rule 5.803(6).[4] We find these authorities persuasive and reach the same conclusion.

---

[4] *See United State v. Cain*, 615 F.2d 380, 382 (5th Cir. 1980) (per curiam) ("[W]e conclude that statements inadmissible as public agency reports under Rule 803(8) may not be received merely because they satisfy Rule 803(6) and that section (6) does not open a back door for evidence excluded by section (8)."); *see also United States v. Hoffman-Vaile*, 568 F.3d 1335, 1341 (11th Cir. 2009); *Air Land Forwarders, Inc. v. United States*, 172 F.3d 1338, 1344–45 (Fed. Cir. 1999); *Brewer v. City of Daphne*, 111 F. Supp. 2d 1299, 1304 n.4 (S.D. Ala. 1999); *United States v. Vasquez*, Crim. No. 21-401 (RMB), 2024 WL 3102248, at *13 (D.N.J. June 23, 2024); *United States v. Douglas*, Crim. No. 3:22CR36TSL-FKB, 2024 WL 416373, at *7 (S.D. Miss. Feb. 5, 2024); *State v. Abrigo*, 445 P.3d 72, 81 (Haw. 2019); *State v. Edmonds*, 435 P.3d 752, 760 (Or. 2019); *Bohsancurt v. Eisenberg*, 129 P.3d 471, 481 (Ariz. Ct. App. 2006); *Kennedy v. State*, 193 S.W.3d 645, 659–60 (Tex. Ct. App. 2006); Michael H. Graham, *7 Handbook of Federal Evidence* § 803:6 (9th ed. Nov. 2024 Update) ("The breadth of Rule 803(6) overlaps the hearsay exception for public records contained in Rule 803(8). Where a conflict

This conclusion is bolstered by the well-established principle that in a contest between a general and specific provision, the specific provision prevails. Iowa Code § 4.7 (providing that a specific provision controls over a conflicting general provision); *MidWestOne Bank v. Heartland Coop*, 941 N.W.2d 876, 883 (Iowa 2020) ("To the extent 'there is a conflict or ambiguity between specific and general statutes, the provisions of the specific statutes control.'" (quoting *Oyens Feed & Supply, Inc. v. Primebank*, 808 N.W.2d 186, 194 (Iowa 2011))); Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 183 (2012) (stating that when a specific provision in a statute appears to conflict with a general provision, the specific provision is treated as an exception to the general provision). The business-records exceptions in rule 5.803(6) and section 622.28 are broad, general provisions. *See* Iowa Code § 622.28(3) (defining "business" within that section to "include[] a business, profession, occupation, or calling of every kind"). In contrast, the exemptions in rule 5.803(8)(B)(i) through (iii) are comparatively specific and narrow—in this case, evidence that consists of "[f]actual findings offered by the state or a political subdivision in criminal cases." As the specific trumps the general, we conclude that evidence barred from admission by application of an exemption to the public-records exception cannot be admitted through the business-records exception of Iowa Code section 622.28 or rule 5.803(6). To rule otherwise would allow the breadth of the business-records

---

exists, a public record not meeting the requirements of the more specific rule, in particular Rules 803(8)(A)(ii) and (iii), should *not* ordinarily be admitted under Rule 803(6), although such public record may be admissible under another hearsay exception such as Rule 803(5), Rule 803(10), or Rule 807. Any other construction would frustrate the intent of Congress with respect to limitations on admissibility imposed in Rules 803(8)(A)(ii) and (iii)." (footnotes omitted)).

exception to swallow and defeat the purpose of the exemptions to application of the public-records exception in rule 5.803(8)(B).

**C.      Harmless Error**

The State contends that, even if we determine the court-order exhibit should not have been admitted under the public-records or business-records exceptions to the rule against hearsay, the admission of the exhibit was harmless.   We disagree.   Admission of the exhibit was prejudicial.   If the exhibit only contained fact findings that Ellis failed to appear, we may be able to conclude admission of the exhibit was harmless error, as Ellis's failure to appear was largely undisputed and there was other properly admitted evidence establishing that fact.   What made the exhibit cross the threshold from harmless to prejudicial was the additional fact finding that Ellis "offered a series of increasingly unpersuasive excuses for why he needed more time" to get to the courthouse.   This was not only a finding of fact, but it was also a damaging conclusion.   For all intents and purposes, the exhibit was a proclamation by the judge that Ellis failed to appear and did so willfully—the very issues to be determined at Ellis's failure-to-appear trial.   We cannot and do not ignore the prejudice that comes from the likelihood that jurors would give disproportionate weight to the findings of fact made by a judge because of "the imprimatur that has been stamped upon them by the judicial system."   *See Herrick v. Garvey*, 298 F.3d 1184, 1192 (10th Cir. 2002); *see also State v. Thoren*, 970 N.W.2d 611, 623 (Iowa 2022) (noting the prejudice in admitting evidence of an agency's fact findings "[b]ecause administrative agencies are arms of the state," so "there is a risk that juries will treat agency findings as official, state-sanctioned results").   We find it unlikely the jury was not swayed unfairly by the judge's findings

on the very issues the jury was required to resolve, so the admission of the exhibit containing them was not harmless.

## III.     Conclusion

While we find sufficient evidence to support Ellis's conviction, we also conclude the district court erroneously admitted the court order with factual findings about Ellis's failure to appear.  The admission of the court-order exhibit was not harmless.  We reverse Ellis's conviction and remand this case for a new trial.

**REVERSED AND REMANDED FOR NEW TRIAL.**

Badding, J., concurs; Greer, P.J., partially dissents.

**GREER, Judge** (concurring in part and dissenting in part).

First, I concur in the majority's reasoning and conclusion that Ellis's sufficiency-of-the-evidence challenge fails. My path diverges from the majority decision on the question of the evidentiary challenge and the harmless error discussion. Because I believe the court order was properly admitted, I would affirm the conviction. Beyond my general disagreement with the decision, I caution that there will be unintended ramifications that will follow. As the majority sees it, the live witness testimony from a non-judge witness was insufficient to supplement what the court order stated. I fear that this case will send the message that a court order that memorialized a defendant's failure to appear is inadmissible and that only the judge who authored the order can provide testimony in cases in each indictable failure-to-appeal prosecution. As the State emphasized, it is not uncommon that only the attorneys and the court are present when a defendant fails to appear and having the judge as a witness should be discouraged. *See* Iowa R. Evid. 5.605 (prohibiting testimony by a presiding judge); *State v. Gardner*, 661 N.W.2d 116, 119 (Iowa 2003) ("[W]e strongly discourage the routine designation of judges as witnesses for purposes of proving prior convictions in the habitual violator phase of a case.").

As the majority notes, the court order admitted into evidence contained hearsay and all parties concede that finding. But on the evidentiary question, it appears to me that error was not preserved. Ellis objected to the admission of the court order describing and commenting on Ellis's failure to appear for trial. The record made went like this:

THE COURT: Any objection to Exhibit 8 [the order]?

> DEFENSE COUNSEL: Yes. Would object based on hearsay again,[5] Your Honor.
>
> THE COURT: Okay. State's response?
>
> COUNTY ATTORNEY: It's a certified court record. It's not subject to the hearsay provisions.
>
> THE COURT: The Court will find that an exception to the hearsay rule applies, so Exhibit 8 will be received over defendant's objection.

From that objection, the majority fills in the blanks and provides refined arguments not made below to support reversal of the court's decision to admit. Ellis did not mention the exclusions found in rule 5.803(8) and did not mention "fact findings" or request that any portion of the exhibit be redacted. Instead, the majority navigates that path for him. *See State v. Jackson*, No. 23-0483, 2025 WL 52646, at *4 n.8 (Iowa Ct. App. Jan. 9, 2025) (limiting our review to the specific objection made at trial and rejecting those objections made in the appeal that were not raised below); *see also State v. Hassan*, 962 N.W.2d 210, 213 (Neb. 2021). And while the State does not raise error preservation, I think it is incumbent upon us to not provide arguments for litigants, so I do not feel error was preserved here. *See Top of Iowa Coop. v. Sime Farms, Inc.*, 608 N.W.2d 454, 470 (Iowa 2000) (recognizing the court may raise the issue of error preservation on its own accord). Thus, I would not reach the evidentiary challenge.

But if error was preserved, I believe the district court recognized the hearsay concern and could have correctly admitted the order under the residual hearsay

---

[5] The earlier hearsay objection did not have any more detail or offer any substance. The entirety of the earlier exchange, an objection to statements by counsel rather than an exhibit, read:

> DEFENSE COUNSEL: Objection. Hearsay.
>
> THE COURT: It's not offered for the truth of the matter asserted. Just that it was said, so overruled.

exception and avoided the public record maze. *Compare* Iowa R. Evid. 5.807 *with* Iowa R. Evid. 5.803(8).[6] But, since we land here, I cannot accept the majority's reasoning over the public records exception. One can argue that a court order might be considered a record of a public official that sets out "its regularly conducted and regularly recorded activities." *See id.* While our courts have not determined if orders of a district court are part of this exception, there is some authority from other jurisdictions that court orders are not to be included. *But see State v. Reitenbaugh*, 392 N.W.2d 486, 489 (Iowa 1986) (finding an arrest warrant record from the clerk's office fit within the confines of then-rule 803(8), renumbered Iowa Rule of Evidence 5.803(8)). In *Herrick v. Garvey*, 298 F.3d 1184, 1191–92 (10th Cir. 2002), that court determined that:

> Rule 803(8) was not intended to allow the admission of findings of fact by courts. Rule 803(8) is limited to investigations: "A judge in a civil trial is not an investigator, rather a judge." The advisory committee notes to Rule 803(8) also indicate that the intent of the rule's drafters was to allow for the admission of investigations by officials in the executive branch; there is no indication in those notes that the committee intended this exception to include findings of fact by judges. In addition, the Federal Rules of Evidence specifically allow for the admission of certain kinds of judgments or their underlying facts as evidence, *see* Fed. R. Evid. 803(22) (previous conviction); R. 803(23) (personal, family, or general history and boundaries), which dissuades us from concluding that Rule 803(8) provides a blanket ground for the admission of prior judgments.

---

[6] Although not raised by the parties, I believe the residual exception to hearsay found in Iowa Rule of Evidence 5.807 also permitted the admission of the court order. *See* Michael H. Graham, 7 *Handbook of Federal Evidence* § 803:8 (9th ed. Nov. 2024 update) (noting that Federal Rule of Evidence 803(8)(A)(iii) "excludes factual findings from a government investigation when offered against the criminal defendant. Such public records may, however, be admissible when offered under another hearsay exception such as Rule . . . 807" (footnote omitted)).

(Some internal citations omitted.); *cf. United States v. Lechuga*, 975 F.2d 397, 399 (7th Cir. 1992) (concluding that orders and minutes from court proceedings setting out conditions for release were admissible under the public records exception). But even if we should apply Iowa Rule of Evidence 5.803(8)(A)(i) to court orders, there is still the question if "factual findings" referenced in rule 5.803(8)(B)(iii) includes information contained in a court order.

The term "factual findings" are not defined in the rule, and each reference relates to investigations. As one author noted the concern related to this section was that "investigative reports may not be as reliable as some other forms of official records and that, therefore, availability of witnesses for cross-examination may be more appropriate than introduction of the evidence through records." *See* 7 Laurie Kratky Doré, *Iowa Practice Series: Evidence* § 5.803:8 (Oct. 2023 update) [hereinafter Doré, *Evidence*] ("Because investigative reports are less likely to be based on firsthand knowledge, they lack some of the reliability of the other public reports admitted under the rule. . . . The obvious concern is that investigative reports may not be as reliable as some other forms of official records and that, therefore, availability of witnesses for cross-examination may be more appropriate than introduction of the evidence through records." (footnote omitted)). Certainly that is the rationale given in *Reitenbaugh*, the authority cited by the majority as supporting its decision. 392 N.W.2d at 490 (noting the Iowa rule expresses "sound public policy which requires officials to testify in person with regard to *certain investigative reports*" (emphasis added)). That policy should not have to extend to our judiciary as a judge is not an investigator, nor is his or her ruling subject to several layers of investigation that might diminish its trustworthiness.

While the majority consider this case to be similar to *Reitenbaugh*, I do not. There, an arrest warrant was admitted into evidence, which cleared the hearsay exception found in "subpart A of [Iowa Rule of Evidence 803(8)]," but was found to be inadmissible under subpart B of the rule because the statements in the warrant about the "defendant's whereabouts and failure to contact his pre-trial supervisor" were "the kind of investigative report and 'factual findings' which subparts (B)(i), (B)(ii), and (B)(iv), make inadmissible." *Id.* at 489. The *Reitenbaugh* court reasoned that the State ought not be allowed to introduce substantive evidence tending to prove commission of the charged offenses without calling as witnesses, subject to cross-examination, the persons who specially investigated the particular incidents and who reported in writing on those investigations. *Id.* at 490. But in the present case, the majority points to rule 803(8)(B)(iii), not discussed in *Reitenbaugh*, to agree with Ellis that the court had to exclude the court order offered. As I see it, a finding from an investigation is a far cry different than statements a court makes in its order as there are not the same concerns involving these hearsay statements with respect to their reliability and trustworthiness. The court's order is not an investigative report. As the majority frames it, the better policy is to exclude the exhibit and "require the prosecution to call the persons conducting the investigation or writing the reports as witnesses, rather than allowing the State to use written reports alone to satisfy its burden of proof." But as *Reitenbaugh* concerned investigative reports from a probation officer, that better practice came into play "[b]ecause investigative reports are less likely to be based on firsthand knowledge, they lack some of the reliability of the other public reports admitted under the rule. Such reports are likely to receive closer scrutiny

under the trustworthiness analysis." Doré, *Evidence* § 5.803:8 (footnote omitted).

The author of this section also noted:

> The public records exception is premised on reliability and necessity. *Courts presume a strong probability that public officers will perform their official duties with accuracy.* The potential for public inspection of the records disclosing inaccuracies adds to reliability. Also, since many of the matters to be elicited are routine for the office, the official's present recollection of such matters may not be as reliable as the written records. *Further, if public officials were required to testify personally, it would exact a high cost in time and efficiency of the public office.*

*Id.* (emphasis added) (footnotes omitted). Likewise, I read the rule more narrowly and believe that the references in these rules to "factual findings" are specific to a "legally authorized investigation" as noted in rule 5.803(8)(A)(iii), which tracks to the exception in rule 5.803(8)(B)(iii) that prevents a prosecutor from using those factual findings against a criminal defendant. Otherwise, when could a court order ever be properly admitted into evidence over a hearsay objection? Don't all orders contain some facts within the routine entries? "When a public official merely verifies an entry in a public ledger, we would characterize the conduct as a routine activity and not an 'investigation' yielding 'factual findings.'" Michael H. Graham, 7 *Handbook of Federal Evidence* § 803:8 n.12 (9th ed. 2024 update). Thus, I cannot extend the language of Iowa Rule of Evidence 5.803(8)(B)(iii) to exclude use of a court order that sets out details of a regularly conducted function of our courts as it will always include information about the proceedings that may read as facts. Otherwise, any time a court order is offered as an exhibit in a criminal case,

the prosecutor will be mandated to compel the authoring judge to testify.[7]  This conflicts with the rationale of this rule; "if public officials were required to testify personally, it would exact a high cost in time and efficiency of the public office." Doré, *Evidence* § 5.803:8; *see also Al-Jurf v. Scott-Conner*, No. 10-1227, 2011 WL 1584366, at *5 (Iowa Ct. App. Apr. 27, 2011).  And the contents of the order here carried with it the trustworthiness we attribute to our courts.  *See* Iowa R. Evid 5.803(8)(A) (noting this rule does not apply if the "opponent shows that the source of the information . . . indicate[s] a lack of trustworthiness").  It was not like factual findings from an investigation where there may be many people contributing the information contained in the report, as this order contained the court's recording of events.  And Ellis made no record that the source of information contained in the order was unreliable.  In sum, the district court did not err by admitting the court order.

Finally, I disagree with the determination that admission of the order did not constitute harmless error.  Here, the State called the court reporter involved in the proceedings the day Ellis failed to show for trial.  She testified to all the details contained in the order, including the following:

- Ellis was charged with a felony in that proceeding;
- Ellis was ordered to personally appear for trial;
- Ellis was released from custody in another county at 9:02 a.m. the morning of trial;
- Ellis failed to appear for trial later that day, despite various accommodations made to facilitate his appearance;
- Ellis called in and told the court he could not come directly to trial "because he had to return a car that he had borrowed";

---

[7] Of course, the prosecutor or the defense attorney who appeared for the defendant could be the witness, but consider all the practical problems with those choices.

- And the court issued a bench warrant for Ellis's failure to appear.

All the statutory elements involving the failure-to-appear charge were addressed in this testimony and, thus, the information in the court order was only duplicative. *See* Iowa Code § 811.2(8). The court reporter clarified that Ellis failed to appear and that his excuse was that he needed to move his car. Through the court reporter's testimony, the jury learned that Ellis claimed he had to return a car that he had borrowed before he could come to the courtroom and, after an hour and twenty minutes passed, Ellis still had not appeared. Subject to cross-examination, the court reporter repeated the information that was contained in the court order, so it was "merely cumulative of evidence already in the record." *See State v. McCurry*, 544 N.W.2d 444, 447–4848 (Iowa 1996) (admitting a DNA report but noting the witness testimony mirrored the contents of that report so any error was harmless).

The majority asserts the "factual findings" were the court's determination that Ellis failed to appear and the district court judge's characterization of the excuse as unpersuasive. And if that had been the focus of Ellis's concern, the appropriate objection would have been under rule 5.403—that the evidence was more prejudicial than probative rather than a hearsay objection. But I believe the inclusion of that statement in the order does not constitute reversible error. Clearly, the court reporter confirmed the details over Ellis's failure to appear. And as to the commentary found in the order that noted Ellis had offered "a series of increasingly unpersuasive excuses" for not appearing, the court reporter testified to that characterization without any objection from Ellis. Thus, I would find that the

admission of the court order exhibit was harmless and would not reverse and remand for new trial.